By the Court. Duer, J.
In this case a decree has been made in the court of appeals, settling definitively the rights of the parties, but requiring in the execution of its details, that further proceedings shall be had in this court, and in order that these proceedings may be had, the cause has been remanded to us, and the remittitur having been filed, our exclusive jurisdiction over the case has been restored.
Under these circumstances, an application has been made to us on the part of the defendants, for an order directing the clerk to take the remittitur from the files of the court, and the effect of granting the application, it'is admitted, will be, that the execution in this court, of the decree of the appellate court, will be indefinitely suspended. Hence our jurisdiction over the cause will cease entirely and that of the court of appeals, in all its extent, be restored. The object is avowed to be to enable that court, when it shall have become repossessed of the cause, to reform its present decree by the correction of certain grave errors which, greatly to the prejudice of the defendants, it is alleged, have intervened. We are asked, therefore, under the form of an order upon the clerk, to remand the cause to the court of ultimate jurisdiction, in order that it may have the power of reversing or modifying or amending its own former proceedings.
*685 We deem it unnecessary to state the special grounds upon which a motion so unusual has been rested, since we are satisfied that without the express assent of the court of appeals, we have no power to grant it, nor upon the papers before us ought we to have listened to the application. The granting or denying of every motion which, as a court, we have a right to entertain, rests entirely in our own discretion. It is true, this discretion is not arbitrary, but judicial; but it is equally so that it is absolute in its exercise and final in its results. There is no other tribunal that can review our decisions in these cases, nor even inquire into the reasons upon which they are founded; and unless we revoke or modify them ourselves, whatever injustice may be done, the parties who suffer are without redress. We find it impossible to believe that we have such a discretion in relation to the question now before us. We cannot believe that we have an election to put an end to the jurisdiction that we have been enjoined to exercise, and to obey or disobey the lawful mandates of the superior tribunal. We cannot assent to a doctrine that strips the court of supreme and ultimate jurisdiction, of its most essential attributes and necessary powers; that divests it of any authority to enforce obedience to its own decrees, by leaving their execution to depend upon the mere discretion, the will and pleasure, of the subordinate courts to which they are directed. Yet it is in reality to this doctrine that our assent is required, if the consequences of taking the remittitur from the files of the court are such as have been asserted. If the power may be exercised now, its exercise may be repeated as often as the defendants may choose to make a similar application, and we for any reason be disposed to grant it. The court of appeals, as often as it please, may order the remittitur to be filed, but we by ordering it to be removed, whenever we please, may render the direction a nullity. ■ Such is not our construction of the powers of the superior court and of our duties as a subordinate court. The court of appeals has ordered the remittitur to be filed in order that its decree may be executed, and it has, therefore, by a necessary implication, ordered that it shall remain on file so long as the execution of the decree may require. The duty of executing the decree, it has imposed upon us, and from the per *686 formance of this duty, by no act of our own can we be released. To grant the present motion would, in our judgment, be an act of positive disobedience to an authority that we are bound to obey, and a reversal, not indeed in terms, but in effect, of a •decree that we are bound to accept and enforce.
It has been said that by suspending the decree in the present case, we shall violate no duty and incur no responsibility, since we have sufficient evidence that the court of appeals desires to re-examine and, if necessary, amend its own proceedings; and to enable it to do so, it desires that the application which has been made to us shall be granted. But we are very clearly of opinion, that there is no evidence of these facts now before tis, upon which, as judges, we could be justified in acting.
The question as to the wishes and intention of the court of appeals is not to be determined upon affidavit. It does not depend upon the opinions, declarations, or acts of its individual members. It is only by some act of the court, as such, that the wishes of the court can be manifested; and to enable us to comply with its wishes, proper evidence of the necessary act must be furnished to us. A resolution of the court, entered upon its minutes, would seem to be the necessary act; and a copy of the resolution, certified by the clerk, would furnish to us the requisite proof. ¡Nor, perhaps, is it necessary that there should be any direct communication from the court of appeals to this court. The clerk of this court has not filed the remittitur under any order made by us. He has acted in direct obedience to the decree of the court of appeals, and if by the true construction of that decree, he is bound to retain the remittitur upon file, he is still the immediate ministerial agent of that court, and in the discharge of his duties as such must be subject to its immediate orders. At any rate, an order from the court of appeals directing the clerk to take the remittitur from the files and re-deliver it to the solicitor of the plaintiff, we doubt not would be promptly obeyed, nor, if necessary, would our aid be wanting to enforce obedience.
So far as has been discovered, Murray v. Blatchford, (2 Wend. 221), is the only case to be found in the reports, in which an application like the present has been granted, or made. In that case, the remittitur was taken from the file by order of the chan *687 cellor, and for the purpose, it would seem, of enabling the court of errors to remodel and reform its own decree. But it does not appear from the report that the motion was resisted before the chancellor. And we think it is to be inferred that it was granted chiefly upon the ground that the remittitur was improperly or prematurely filed. Even had this precedent been as direct and positive as it seems to have been considered, our convictions as to our own powers and duties are too clear to have been yielded to its authority. To require us, without any request from the court of appeals, to send back to that court its own decree, in order that the errors which it is alleged to involve may be there corrected, is to require us to hold to the highest tribunal in the state this extraordinary language—“You have reversed our decree, but the decree which you have sent to us we shall not execute, for we are satisfied that it has been made by you without due deliberation. We have looked into it, and must say, that upon its face its errors are manifest and grave; these errors it will be your duty to correct. To enable you to perform that duty we send you back your decree.” What reply the court of appeals might deem it advisable to make to the strange insult upon its authority that such a proceeding would imply, we know not, but that it might justly visit upon us its severest animadversions and rebuke, we do not at all doubt. So long, however, as we retain any respect for that high tribunal or for ourselves, by no act of ours shall such an animadversion be provoked or justified.
The motion of the defendant is denied, but without costs. The case of Murray v. Blatchford, is a sufficient precedent to justify the application. It is proper to add, that all the judges of this court having been consulted, this decision is to be regarded as their unanimous judgment.