Bosworth, J.
This was an equity suit. It is the uniform practice of the Court of Appeals, as it was of the court for the correction of errors, not to give costs of the appellate court on reversing the decree of a subordinate court in an equity suit. The remittitur shows that the judgment of this court was reversed, and that of the Supreme Court affirmed “ with costs.” It is not stated expressly that it is affirmed “ with costs of the appellate court.” As effect can be given to the words, “ with costs,” without holding them to give, contrary to the settled practice of the appellate court, the costs of that court, it will probably do justice to all parties, and not be an overstrained construction to hold them to mean such costs as are usually awarded, instead of such as are invariably denied, in such cases.
The judgment of the Supreme Court was one which, by its express terms, gave costs. Therefore a simple affirmance of that judgment, though absolutely silent as to costs, would necessarily have given costs of the proceedings in the Supreme Court, prior to, and inpluding the judgment rendered therein, *594 and thus affirmed. The words “ with costs,” can have no meaning, as applicable to the costs given by that judgment.
But by construing them to mean costs of the proceedings in the court whose judgment was reversed, effect is given to the words, precisely as if the remittitur had read “ with costs of the court below.” Such costs are usually given in •such a case.. If the Superior Court had affirmed the judgment of the Supreme Court, the affirmance would have been with costs. The appellate court renders such a judgment as the subordinate court should have done.
I think it proper, therefore, to hold, in this case, that the fair meaning of the words, “with costs” in the remittitur, is the same, as if the words had been “ with costs of the court below.” The papers before me' tend to'show that such was the judgment actually pronounced. Under this construction of the legal effect of the judgment of the appellate court, the motion must be denied, as there is nothing in the moving papers to indicate that the remittitur does not accurately conform to the actual judgment of the court.
It has been decided by this court, upon full consideration, that after a remittitur has been regularly filed, and an order entered to carry into effect the judgment of the appellate court, the order will not be vacated and the remittitur taken from the files, without some suggestion from the appellate court itself, that the remittitur does not conform to its judg- ' ment, or has been irregularly issued. (Selden v. Vermilyea et al., 3 Sand. S. C. R. 683.)