Griswold agt. Haven.

## SUPREME COURT.

NATHANIEL L. GRISWOLD agt. LANGDON H. HAVEN and others.

Where a cause has been tried at the circuit, and a verdict and judgment rendered for the plaintiff; and from that judgment the defendants appeal to the general term, and obtain an order for a *new trial ;* and from that order the plaintiff appeals to the court of appeals; which court make an order reversing the judgment of the general term, and directing *judgment to be entered on the verdict ;* and thereupon, on filing the remittitur, an order is entered in the court below making the judgment of the court of appeals the judgment of the court below:

*Held,* that the court below have no right to go *behind that judgment and inquire into its regularity.* If, as the defendants contend, the verdict was subject to an adjustment, and that adjustment had not taken place, they should have applied to the court of appeals to correct it when the cause was in that court.

An *error,* that the amount of the judgment exceeded the amount of the verdict and interest, could be corrected on *special motion in the court below.*

Griswold agt. Haven.

*New York General Term, November,* 1863.

SUTHERLAND, INGRAHAM and LEONARD, *Justices.*

APPEAL to the general term from an order for judgment entered on filing remittitur from the court of appeals.

By the court, INGRAHAM, Justice. We do not feel ourselves at liberty to say to the court of appeals that their judgment is erroneous, nor to send back this case to them for the purpose of intimating to them that any error has been committed, and asking them to review their former decision. That judgment reversed the judgment of the supreme court, and ordered final judgment for the plaintiff upon the verdict.

An order has been entered in this court, making the judgment of the court of appeals the judgment of this court, on filing the remittitur. We think we have no right to go behind that judgment and inquire into its regularity. We are bound to suppose that any objection which existed thereto would have been brought before that court. If the defendants have not availed themselves of any objection, on the ground of regularity, it is now too late and not in the power of this court to grant any relief.

We are also of the opinion that the defendants are concluded by the omission to object to the regularity of the proceedings before the case went to the court of appeals. The cause was tried at the circuit, and a verdict was rendered for the plaintiff. From that judgment the defendants appealed, and obtained an order for a new trial. Such order has been reviewed in the court of appeals, and an order made directing judgment to be entered on the verdict. By that order we are controlled in this court. The defendants contend here, that the verdict was subject to adjustment, and that such adjustment has not taken place.

It is true that the order for a new trial rendered any adjustment in this court impossible. But if the amount was erroneous, such adjustment could have been made in

the court of appeals. They ordered judgment on the verdict. We can give that order no other interpretation than that the court were satisfied the amount of the verdict was correct, and therefore gave the plaintiff judgment therefor.

In one or two cases, the superior court refused to interfere with the judgment entered on the remittitur, or direct the remittitur to be taken from the files, except upon some suggestion from the appellate court that the judgment entered thereon did not conform to the judgment of the appellate court. (3 *Sandf.* 683; 1 *Duer*, 502.) If there is any error of that kind in the judgment, a new appeal could be taken, if the court would not so order. If the order entered is wrong, that court will correct it, on motion, although the remittitur has been filed below. (1 *Seld.* 455.)

Something was said upon the argument, and it appears in the papers, that the amount of the judgment exceeds the amount of the verdict about $5,000. How that difference was made does not appear. The plaintiff had a right to tax his interest, but that would not make the amount. The papers, however, do not present the facts so that we can pass upon them on this appeal, nor does it appear to have been presented to the court below. If there is any error in the amount, the defendants may move to have the amount corrected at special term.

In all other respects, we think we have no power to interfere.

The order appealed from should be affirmed, with $10 costs, with liberty to defendants to move, at special term, to correct the amount of the judgment, if any error in the computation has occurred.