# JARVIS *a.* SHAW.

*New York Superior Court; Special Term, December,* 1863.

## APPEAL.—STAY OF FILING REMITTITUR.

After an appeal has been determined, the court below will not order the filing of the remittitur to be stayed, upon affidavit of the applicant that he intends to apply for a reargument in the appellate court, and showing grounds therefor. The court below ought not to question the decision of the appellate court, nor

to delay enforcing it, without some sanction from that court or one of its judges.*

But where a judge of the appellate court grants an order that the adverse party show cause why a reargument should not be had, and directing that in the mean time the remittitur be stayed if it had not been sent down, the court below may properly order that the filing of the remittitur be stayed pending the application to the appellate court, even though the remittitur had been sent down when the order to show cause was made.

Motion for an order to stay the filing of a remittitur.

The facts sufficiently appear in the opinion.

*Burrill, Davison & Burrill*, for the motion.

*William H. Fullerton*, opposed.

BARBOUR, J.—This is an application by the plaintiff for an order directing the filing of a remittitur from the Court of Appeals, to be stayed until after the commencement of the January term of that court.

The affidavits upon which the application is made allege that the plaintiff desires and intends to apply to the Court of Appeals, upon the first day of its next term, for an order directing a reargument of the case, upon the ground that the latter court, upon the argument of the case which has heretofore been had on appeal, inadvertently failed or omitted to examine and consider a question in the case of great importance; and such affidavits also set forth facts strongly tending to prove that such omission was actually made.

I think the affidavits, even conceding that the Court of Appeals, through inadvertence or otherwise, failed to consider the matter in question, and moreover that such court would probably direct a reargument, if applied to, for that reason, are insufficient to entitle the plaintiff to the order which is asked for here. Not only should there be an end to all litigation at some point, but, it appears to me, a court of inferior jurisdiction has no right to speculate upon what may or may not have been the action or reasoning of an appellate court in reaching its final determination, and has no legal right to omit or delay

---

* See, also, Griswold a. Havens, *supra*.

the entry of a remittitur, unless upon the application of the appellate court itself, or of one of its judges, acting in its behalf; or something equivalent to that.

Since this application was heard and submitted, however, I have been furnished by the plaintiff's counsel with an order, entitled in this action, and made by Justice Davies of the Court of Appeals, requiring the defendants to show cause, at the next term of that court, why a reargument of the case should not be had, and directing that in the mean time the remittitur be stayed, "if the same has not been sent down."

It is true that, inasmuch as the remittitur had in fact been "sent down" at the time his order was made, such mandate does not, in terms, prohibit the entry of such remittitur; but the document, so signed by Justice Davies, certainly contains in effect an expression of his opinion, as one of the justices of the Court of Appeals, that the remittitur ought not to be filed in this court until the plaintiff shall have had an opportunity to make his proposed application for a rehearing; and, for this reason alone, I feel constrained by the rules of comity, which should always govern the action of courts in relation to the process and proceedings of other tribunals, to direct that the filing of the remittitur in this action be stayed until the further order of this court.

Order accordingly.

---

## BOSTWICK *a.* ABBOTT.

*Supreme Court, First District; General Term, Oct.,* 1863.

DISMISSAL IN EQUITY.—RES JUDICATA.—EFFECT OF JUDGMENT.
—LIMITATIONS.

In an action which formerly would have been tried in a court of equity, a dismissal of the complaint upon the merits of the cause is a bar to a second action for the same cause.

Nor can this effect be prevented by directing that the dismissal be without prejudice to a second action.