Robertson, Ch. J.
The first question on this motion, which presents itself, is whether the entry of the judgment on the remittitur, with the costs inserted as adjusted in the absence of the defendant’s attorney, was irregular. The Co'de provides (§ 311) that “the clerk shall insert in the entry of judgment, * * upon two days’ notice, the sum of the allowances for costs, as provided ” thereby, “necessary disbursements,” &c. This was properly and finally decided by this court (all the justices concurring) only to make the entry of costs in the judgment without notice of adjustment, and all subsequent proceedings containing such erroneous award of costs, and not the judgment itself, irregular. (Gilmartin v. Smith, 4 Sandf. 684.) And such principle was sustained by the Supreme Court, in Mitchell v. Hall, (7 How. 491.) I do not understand that it was intended, in either case, to hold the whole judgment to have been void for irregularity in inserting such costs. The irregularity, therefore, being confined to the entry of an award of the *499 costs, could be corrected by amending the judgment roll, docket and execution, by striking it out. So that it still remains necessary to determine how far a single justice of the' Court of Appeals can stay proceedings, by an ex parte order, absolutely, after a remittitur in the hands of a prevailing party.
All the cases coincide in the view that all jurisdiction of the appellate court is parted with after judgment on appeal, and the filing of a remittitur in the court below. (Martin v. Wilson, 1 Comst. 240. Burkle v. Luce, Id. 239. Frazer v. Western, 3 How. 235. Latson v. Wallace, 9 id. 334. Dresser v. Brooks, 2 Comst. 559.) The only remedy for an error in the substance of the judgment remitted, seems to be a new appeal. Irregularities may be cured on motion, (Palmer v. Lawrence, 5 N. Y. Rep. 455; Newton v. Harris, 8 Barb. 306,) after a return of the remittitur by the court below, on request. But such request must be made by resolution by the appellate court as a body, and not by the order of any member of it. (Selden v. Vermilye, 3 Sandf. 683. Bogardus v. Rosendale Manufg. Co., 1 Duer, 592. Newton v. Harris, ubi sup.) Upon the correction of any irregularity, the judgment of the court below may be made to conform to the amended remittitur. (Id.) The Code (§ 12) prescribes that “the judgment óf the Court of Appeals shall be remitted to the court below, to be enforced according to law.” Meaning, undoubtedly, as such judgment never had previously been that of the court below, “transmitted.” This confers the right, and imposes the duty, on the. court below to enforce, as such, the judgment of the court above. To do which, by its ordinary process and machinery of executing justice, it is compelled tq enter a corresponding formal judgment of its own. The conformation by the court below of its prior judgment to that of the appellate court, where it is merely one of simple affirmance or reversal, is a purely formal act. (Union India Rubber Co. v. Babcock, 4 Duer, 620.) • The omission to procure it may be supplied by the court below, and is dis *500 regarded in the appellate court. (Chautauqua Co. Bank v. White, 23 N. Y. Rep. 347.) The mere possession, even, by the prevailing party, of a remittitur directing a new trial, without filing it, has been held sufficient to sanction' such new. trial. (Judson v. Gray, 17 How. 289.) ' It is true, that if the remittitur contains special provisions to be carried out by the court below, it seems to be more regular, if not indispensable, to have the order settled and entered. • (Seacord v. Morgan, 17 How. 394.) '
The order, therefore, made in this case by a single justice of the Court of Appeals, was without jurisdiction, so far as the entry of a judgment in this court was concerned, and the entry of such' judgment was formally correct, as the judgment of the appellate court was merely one of reversal of one at general term, leaving that at special term to stand.
. Moreover, the 18th rule of the Court of Appeals only confers the power on that court to stay proceedings upon an order of a single judge, when “ served with papers and notice of motion,” which was not done in this case. An absolute stay of proceedings would be a perpetual injunction order, which no judge of the appellate court has a right to grant.
"With every respect for the learned judge who granted the order in this case, I cannot doubt that it was extra judicem, and so his subsequent revocation of it seems to indicate was his own opinion.
The motion to set aside the judgment and execution for irregularity must be denied, with $7 costs.