TROWBRIDGE vs. SICKLER.

*January  8 — February 3, 1880.*

PRACTICE after reversal of judgment.    *Necessity of a remittitur before further proceedings, etc.*

1. After reversal here of a judgment, no further proceedings can properly be taken in the cause in the court below until the record has been remitted to that court; and proper practice requires *notice* of the filing in that court of the record so remitted to be given to the opposite party before any further proceedings are taken.
2. In this case, therefore, the circuit court having made an order dismissing the action, etc., on the ground that more than a year had elapsed since the reversal of the judgment and the award of a new trial by this court, and that plaintiff (who was respondent in that appeal) had failed to procure a *remittitur* of the record, and had taken no proceeding in the action, such order was afterwards properly vacated on plaintiff's motion.
3. Whether it was the duty of the plaintiff and respondent to pay the costs in this court, and procure a *remittitur*, is not here determined.

APPEAL from the Circuit Court for *Fond du Lac* County. Replevin.    Defendant appealed from an order setting aside an order, previously made on his motion, dismissing the action and directing an assessment by a jury of the value of the property taken by the writ.    The case is more fully stated in the opinion.

Trowbridge vs. Sickler.

For the appellant, there was a brief by *E. S. Bragg*, and oral argument by *S. U. Pinney*. They argued that the statute (R. S., sec. 3072), by its terms, makes an order of dismissal *nisi*.[1] It impliedly requires the party claiming the benefit thereof to call upon the party guilty of laches, to show cause why the order of dismissal should not be made absolute; and the latter, if he do not consent, must show good cause against the same. After the order is made absolute, on notice, the statute is *functus officio;* and though loss come to the party, it is his own fault, and not the result of any defect in the law.

The power to reinstate a cause dismissed in fact under the provisions of this statute is not vested in the circuit court. But if such power is conferred, it can only be upon the same condition precedent which would have prevented a dismissal, *i. e.,* "for good cause shown." The plaintiff was cautioned, two months before the application for dismissal, as to the consequences of his neglect to procure the transmittal of the record; and when the motion was brought up, he was present by attorney and was heard, but offered no excuse or reason and showed no cause why the dismissal should not be made absolute. Neither do the moving papers for reinstatement show any excuse.

*Geo. E. Sutherland*, for respondent, made the following among other points: 1. Defendant was the appellant, and the successful party on the appeal, and it was his duty to procure the record to be transmitted. 2 Whittaker's Prac., 826; 4 Wait's Prac., 287, § 2. 2. It was irregular to proceed with the assessment of damages while the record was in another court *(Demming v. Weston*, 15 Wis., 236); and this irregularity clearly appears in the fact that the total value of the

[1] Sec. 3072, R. S. "In every case in error, or on appeal, in which the supreme court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court, and proceedings had thereon, within one year from the date of such order in the supreme court, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order."

property was assessed, instead of defendant's special interest by virtue of the attachment. *Battis v. Hamlin*, 22 Wis., 669; *Lumbering Company v. Tronson*, 36 id., 126; *Booth v. Ableman*, 20 id., 21; *Single v. Schneider*, 24 id., 299; *Warner v. Hunt*, 30 id., 200. 3. The case was noticed for trial by both parties within the year after reversal. This was clearly a step sufficient, within the rule of *Bonesteel v. Orvis*, 31 Wis., 117, and *Walsh v. Dart*, 19 id., 433, to prevent peremptory dismissal. 4. The order appealed from was purely discretionary, and for that reason will not be reversed. *Welch v. Welch*, 33 Wis., 542; *Crerar v. Railway Co.*, 35 id., 67; *McDonald v. G. B. & M. Canal Co.*, 42 id., 335; *Johnson v. Eldred*, 13 id., 485; *McCord v. McSpaden*, 34 id., 541; *Crebler v. Eidelbush*, 24 id., 162.

ORTON, J. In this case, upon appeal to this court, the judgment was reversed and a new trial ordered; but the record still remains in this court, and has not been transmitted to the circuit court, and no *remittitur* from this court has been filed with the clerk of that court. More than one year had elapsed since the date of such order for a new trial, when, upon motion of the counsel of the appellant, the defendant in the action, the circuit court made an order dismissing the action, and for an assessment, by a jury, of the value of the property taken by the writ of replevin, and such assessment was made. Thereupon, upon motion of the counsel of the respondent — the plaintiff in the action, — the circuit court made the order setting aside such order of dismissal and for such assessment, from which this appeal is taken. The reason given in the motion papers why the *remittitur* from this court has never been made, and the records have not been transmitted to the circuit court, is, that the costs in this court have never been paid; and the appellant insists that it was the duty of the respondent to pay such costs, obtain such *remittitur*, and have the record transmitted to the circuit court, and proceed

to a new trial in the action, within one year from the date of said order; and that in default thereof the action was properly dismissed by virtue of the statute, now found in section 3072 of the revised statutes.

We do not decide whose duty it was to pay such costs and cause such a transmission of the record to the circuit court. But, assuming that it was the duty of the respondent to do so, we are clearly of the opinion that the circuit court had no jurisdiction to take any such proceedings in the action until it had possession of the record by a *remittitur*. How could the circuit court say, as it does in the recitals of its order of dismissal and for an assessment by a jury: "And it further *appearing* to the court that the action is replevin, and that the property in controversy was seized and delivered to the plaintiff, and the defendant having given notice in his answer of a demand for judgment for the value, instead of for the return of the property; . . . and it further *appearing* that more than one year had elapsed since the reversal of judgment, and an award of a *venire de novo*, by the supreme court " — when that court could legally and properly know such condition of the cause and such proceedings therein *by the record alone*, and no such record was before the court or on file with the clerk? If the appellant wished to move for a dismissal of the action, and thereupon for an assessment by a jury of the value of the property taken by the writ, by reason of such delay, he should first have procured a *remittitur* and transmission of the record to the circuit court, so as to give that court jurisdiction to take such action in the cause.

The statute provides, in section 3067, Revised Statutes, that " when the amount of damages to be paid by the appellant, on affirmance of the judgment or order appealed from, pursuant to any undertaking, is not fixed by the judgment or decision of the supreme court on the appeal, the circuit court may, after the *remittitur* of the record from the supreme court is filed, order a reference to ascertain such damages," etc. And,

again, in section 3071: " In all cases the supreme court shall remit its judgment or decision to the court from which the appeal or writ of error was taken, to be enforced accordingly." " The clerk of the supreme court shall remit to such court the papers transmitted to the supreme court on the appeal or writ of error, together with the judgment or decision of the supreme court thereon," etc.    These provisions clearly show that the circuit court can take cognizance of the cause only upon a *remittitur* of the record filed in that court.    The judgment of the supreme court is remitted to the circuit court, together with the record on which it was made, to be there enforced; and they must therefore be brought *formally* to the notice of that court, and, until the judgment of the supreme court is incorporated in its records, no proceedings can be instituted to enforce its directions.    *Seacord v. Morgan*, 17 How. Pr., 394; *Lawrence v. Bank of Republic*, 6 Rob., 497; *Vermilye v. Seldon*, 6 How. Pr., 41.

After the *remittitur* has been regularly sent to the court below, and actually filed with the clerk of such court, the supreme court then loses jurisdiction of the cause, and the court below only has jurisdiction therein.    *Dresser v. Brooks*, 2 N. Y., 559; *Frazer v. Western*, 3 How. Pr., 235; *Legg v. Over-bagh*, 4 Wend., 188; *Cushman v. Hatfield*, 52 N. Y., 653.

The proper practice seems to be, that the *remittitur* from the supreme court is sent to and filed by the clerk of the court below, and notice of such filing given to the opposite party, before any proceedings can be taken in the cause in such court. *McGregor v. Buell*, 33 How. Pr., 450.    The statutes of New York, in respect to the judgment roll and to a *remittitur* from the appellate court to the court below, are very similar to our own, and therefore these authorities are applicable.

*By the Court.* — The order of the circuit court is affirmed, with costs.

TAYLOR, J., took no part in this cause.