## TROWBRIDGE VS. SICKLER.

*January 18 — February 7, 1882.*

FRAUDULENT SALES. *(1, 2) Question for jury.*
EVIDENCE. *(3) Suppressing deposition for evasive or defective answers. (4) Whether witness may state who was "in possession" of chattels.*
REVERSAL OF JUDGMENT: *(5) For want of definite instruction not asked.*

1. Under our statute, the question of a fraudulent intent in the transfer of personal (as well as real) property, is one of fact for the jury.
2. Whether the court would be authorized to take the question from the jury in any case, is not here decided, as there was evidence in this case to sustain the verdict upholding the transfer.
3. In the case of a deposition taken on oral interrogatories, upon notice, where the party in whose behalf cross interrogatories are to be put is not represented by attorney, but depends upon written interrogatories sent to the examining officer, the mere fact that some of the cross interrogatories are somewhat evasively or not fully answered, by reason of the neglect of such officer to press vigorously for full and exact answers, is not sufficient ground for *suppressing the deposition;* but this rule will not prevent the *striking out of an answer* which is not responsive or is purely evasive.
4. In replevin, a witness may properly testify that a particular person was "in possession" of the property at a specified time; and it is for the adverse party, by cross examination, to ascertain what facts within the witness's observation were regarded by him as constituting such "possession."
5. Where the instructions given are not incorrect, a mere omission to give a more definite instruction to which the appellant might have been entitled, but which he did not ask for, is not ground for reversal.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover certain personal property alleged to have been wrongfully taken by the defendant, as under sheriff of Fond du Lac county, on a writ of attachment issued in a suit in favor of John S. McDonald against George O. Trowbridge, a son of the plaintiff. The defendant, as such sheriff, justified on the ground that the property attached had been transferred by George O. to his mother, the plaintiff, with the intent to hinder, delay and defraud his creditors.

Trowbridge vs. Sickler.

Before the jury ⸗as impaneled, the defendant moved the court to suppress the deposition of the plaintiff taken in her own behalf, on the ground that the answers to the cross interrogatories were evasive, and in some instances wholly neglected to meet the point of the inquiry. He also moved on similar grounds to suppress the deposition of George O. Trowbridge, taken at plaintiff's instance. Both motions were denied.

The plaintiff had a verdict and judgment; and defendant appealed from the judgment.

*Edw. S. Bragg*, for the appellant.

*Geo. E. Sutherland*, for the respondent.

CASSODAY, J. This case has been here twice before. 42 Wis., 417; 48 Wis., 424.

1. Is there evidence sufficient to support the verdict? Beyond question the learned counsel is correct in claiming that there were several suspicious circumstances connected with the transfer of the property in question from the son to the mother. Were we sitting as jurors on the facts, we should probably be inclined to hold with him. We have no time to go into an analysis of the testimony, and an incumbrance of the reports for that purpose would be of no practical benefit to any one, even if it would be more satisfactory to the parties. From a careful reading of the testimony we think there was sufficient evidence to support the verdict. Whatever may have been the rule at common law, the statute of this state makes the question of fraudulent intent in the transfer of personal as well as real property a question of fact for the jury, and not of law for the court. *Hyde v. Chapman*, 33 Wis., 392; *Barkow v. Sanger*, 47 Wis., 500; *Mehlhop v. Pettibone.*[1] Whether, under this statute, as queried in *Barkow v. Sanger*, the court would be authorized to take the case from the jury where there is no evidence nor inference disclosed of the *bona fides* of the

[1] This case was held on a motion for a rehearing, and will be reported as of May 10, 1882.

transaction, it is unnecessary here to decide, since we are of the opinion that there was sufficient evidence to justify a verdict for the plaintiff. For an interesting discussion of the question, see *Seward v. Jackson,* 8 Cow., 435, reversing *S. C.,* 5 Cow., 67; *Van Wyck v. Seward,* 18 Wend., 375; *Babcock v. Eckler,* 24 N. Y., 623.

2. Was there any error in refusing to suppress the depositions? The depositions were not taken on commission, but were taken before an officer in Oakland, California, on oral interrogatories, in pursuance of notice in writing previously given. The only grounds urged for suppression were, that the answers to several of the cross interrogatories were evasive, and that in some instances the witness had wholly failed to answer the point in the interrogatory. The statute requires the officer taking the deposition to insert therein every answer or declaration of the witness which either party requires to be inserted; and, in depositions taken by oral interrogatories, every interrogatory so required. Section 4087, R. S. The manner of suppressing depositions is regulated by section 4091, R. S. Section 4092, R. S., provides that "every objection to the competency of the witness, or to the propriety of any question put to him, or the admissibility of any testimony given by him, may be made when the deposition is produced, in the same manner as if the witness were personally examined on the trial, and without being noted upon the deposition, unless the objection is to the form or order of a question, when the objection must be noted in the deposition before it is answered." This section authorizes an objection to be taken for the first time at the trial to an inadmissible answer to an interrogatory; but we do not think the whole deposition should be suppressed merely because some of the answers are not as full or direct as they might have been. This is especially true in regard to depositions taken, as these were, on oral interrogatories.

When depositions are so taken, parties are expected to be

present by their attorneys or their representatives, and if the answers are evasive, or not so full and complete as desired, they can repeat the questions or put others until the witness is forced to answer the precise point required, or squarely refuse. Of course, refusal or evasion might be so gross as to indicate corruption, and authorize a suppression of the whole deposition; but when the deposition is upon oral interrogatories the witness should be fairly tested by repeated questions until the perversity of the witness becomes manifest, before the court would be authorized to resort to so severe a practice. Here the plaintiff appeared by attorney, and the defendant sent written interrogatories to the officer to be put to the witness by such officer. He did put the questions as requested, and in doing so he undoubtedly represented the defendant. If a given interrogatory, and especially one involving several questions, was not fully or was evasively answered, he might have repeated it, and called attention of the witness to the particular part of the interrogatory not answered, or to the part wherein a direct answer had been evaded. The motion to suppress, therefore, is really grounded upon the failure of defendant's chosen agency to more vigorously press the different questions prepared for him in advance to be put to the witnesses. That such failure is not a ground for such motion is manifest. Of course, this rule does not prevent the striking out of an answer which is not responsive or is purely evasive. But no such motion was made as to any answer of any cross interrogatory. Counsel did not ask to have this answer of George O. stricken out: "When it was seized by the defendant, it was in the possession of Eliza Trowbridge." But we think that possession of movable personal property, like that in question, is, as a general thing, a question of fact so far as to be testified to by a witness. It may, in a strict sense, be regarded as a conclusion from several facts. But counsel was at liberty to cross-examine the witness, and force him to state just what particular facts he regarded as consti-

tuting such possession. It may be that what he called possession would not in law be regarded as possession, but that would not be a ground for striking out the answer; for one of the purposes of cross examination is to detect and expose the fallacy of statements made on direct examination. For similar reasons we think the court was justified in disregarding the objection to the striking out the answer, "It was given to her."

The defendant excepts to so much of the charge as states the following proposition of law as applicable to the facts in this case: "It has been claimed here, on the part of the plaintiff or defendant,. that at the same time the farm on which this stock was, was sold. Now I must say to you that, if the party took possession of the farm, it would not be evidence of a want of change of possession that the property remained on the farm; because, in taking possession of the farm and the stock upon it, the fact that the stock was there and still remained there, providing the purchaser took possession of the farm and the stock, there would be no necessity of removing it from the land; but you must examine all the circumstances, all the surroundings, and you may bring to your aid in determining this question other transactions between these same parties, — *the transaction of the purchase of the land, the giving of a mortgage, its cancellation, all the other surrounding circumstances,* — and determine this question I have submitted to you." But we think this portion of the charge was, to that extent, a fair presentation of the case to the jury. If the defendant desired to have instructions more definite, he should have so requested. This court has often held that a failure to so request is a waiver of any exceptions because they are not given. Besides, the court had already fully instructed the jury as to the presumptions of law in favor of the defendant.

The defendant also excepts to so much of the said charge as states the following proposition as applicable to the facts

in the case: "It would not, however, be sufficient to show that another transaction between these parties was fraudulent, and therefore void as against creditors, to establish the fact that this one was void. It has that tendency, and is a circumstance; but even though you should find the other transaction to have been fraudulent, if you find, from all the evidence, that this one was not — that this was *bona fide*, made without intent to defraud or delay or hinder creditors, made for a valuable consideration — that there was a change of possession, or, if there was not, if it is established that the transaction was *bona fide*, and made without any fraudulent intent, made in good faith, — then, [notwithstanding] the fact that the other transaction was fraudulent, you still might find that this one was not." Counsel urge that this instruction took from the jury the question whether one of the transactions referred to was or was not fraudulent. But it seems to us that it was not obnoxious to this objection. On the contrary, we think it fairly submitted to the jury the fraudulent character of each of the transactions, and their bearing upon each other. This is so manifest from the reading as not to require discussion.

*By the Court.* — The judgment of the circuit court is affirmed.

TAYLOR, J., took no part.