HILLYER *v.* VANDEWATER *et al.*

*(Supreme Court, Special Term, New York County. July, 1890.)*

APPEAL—REHEARING—RETURN OF REMITTITUR.

    A motion at special term to vacate the judgment entered on the *remittitur* from the court of appeals, and to return the *remittitur* to the court of appeals for the purpose of reargument, will not be granted, on the grounds that a majority of the judges of the court of appeals did not unite in a single opinion, and that one of the judges was absent during part of the argument, but it is evident that the point on which the reargument is sought was considered by the different judges, and it appears that the absent judge wrote a separate opinion, placing his vote upon the very point in question, as such motion will be granted only when the court of appeals expresses a willingness or desire that the *remittitur* shall be returned.

At chambers. Action by Adelaide E. Hillyer against Susan K. Vandewater and others. Motion to vacate judgment entered upon *remittitur*, and for return of *remittitur* to the court of appeals. For opinion of the court of appeals, see 24 N. E. Rep. 999.

*Theodore F. Miller*, for plaintiff. *L. B. Bunnell*, for defendants.

ANDREWS, J. This action was tried at special term, and judgment rendered dismissing the complaint. From such judgment an appeal was taken to the general term, which affirmed the judgment. An appeal was then taken to the court of appeals, which affirmed the judgments of the general and special terms. In accordance with the usual practice, a *remittitur* from the court of appeals was sent down, and judgment was entered upon it, making the judgment of the court of appeals the judgment of this court. A motion is now made for an order vacating such last-named judgment, and directing the clerk to send such *remittitur* to the clerk of the court of appeals, in order that counsel for plaintiff may be enabled to make a motion before the court of appeals for a reargument. An application similar to the present one was made to the general term of the superior court in the case of *Selden* v. *Vermilya*, 3 Sandf. 683, and the question as to the power and duty of the inferior court upon such an application was thoroughly considered by Judge DUER, who, speaking for the court, held that the superior court had no authority to grant such an application without the express assent or direction of the appellate court, authenticated by its certified rule or order. This decision was regarded as controlling in the case of *Bogardus* v. *Manufacturing Co.*, 1 Duer, 592; and the case of *Jarvis* v. *Shaw*, 16 Abb. Pr. 415, which cases came before the special term of the superior court. The same case is also referred to with approval by Judge INGRAHAM, who delivered the opinion of the general term of this court in *Griswold* v. *Havens*, 16 Abb. Pr. 413. It is claimed, however, by counsel for the plaintiff that these cases must be considered as overruled by *Wilmerdings* v. *Fowler*, 15 Abb. Pr. (N. S.) 86; but that case was a peculiar one, and it is doubtful whether it should be regarded as overruling the cases above cited. An attorney had been charged with misappropriation of money, and the decision had gone against him in the courts below and in the court of appeals. Thereupon he applied to the court of appeals for a reargument, and it was objected that the application was too late, as the *remittitur* had been sent to the court below. The matter appears to have been taken under advisement, and the chief justice subsequently delivered an opinion, which covers several pages, which was to the effect that the previous decisions of the court of appeals, affirming the orders which had been made in the courts below, were erroneous, and that there ought to be a reargument. At the conclusion of his opinion, however, he stated that the objection that the *remittitur* having been sent to the court below, the court of appeals had lost jurisdiction of the case, was well taken, and that the motion must be denied for that reason. He closed his opinion with the following observation: "I see no way to avoid this objection unless the court below should see fit to vacate the filing of the order, in which case, perhaps, we might regard it as though the act had never been done, but the propriety of such a course is entirely discretionary with that court." Thereupon the motion was denied, but without prejudice, and without costs. Subsequently, the defendant applied to the court below at special term, upon an affidavit and a copy of said opinion, and the court, after hearing counsel for both parties, ordered that the filing of the *remittitur* and the order of the supreme court making the same the order of that court be vacated, and that the clerk return the *remittitur* to the court of appeals for its further action. This having been done, a second motion for a reargument was made to the court of appeals and granted, and the orders of the courts below were reversed.

It is to be observed that while the assent or direction of the appellate court to the return of the *remittitur* was not authenticated by any rule or order, such assent was authenticated by an opinion delivered by the chief judge of that court, which was presented to the special term of the supreme court when application was made to have the order entered upon the *remittitur* vacated, and the *remittitur* itself returned to the court of appeals; and I have no doubt that if, in any case, the court of appeals should, in any manner, in-

dicate its desire or willingness that a *remittitur*, sent down and filed with the county clerk, should be returned to that court, this court would consider that a proper case was presented for the exercise of its discretion, and would at once order any judgment or order which might have been entered upon the *remittitur* to be vacated, and the *remittitur* itself to be returned to the court of appeals. The question is presented, however, in cases like the present one, where the court of appeals has not in any way indicated its desire or willingness that the *remittitur* should be returned, what principle or rule should govern this court in the exercise of the discretion which it undoubtedly possesses? It certainly will not be claimed that the judgment entered upon the *remittitur* should be vacated and the *remittitur* returned to the court of appeals in every case where the attorney of the defeated party states that he desires to apply to the court of appeals for a reargument. Such an exercise of discretion would be disrespectful to the court of appeals, and very unfair to the successful parties. If, then, such discretion is not to be exercised in every case where an application of this kind is made by an attorney of the defeated party, in what case should it be exercised? The attorney for the plaintiff claims that the question is not to be determined by considering whether or not it is probable that the court of appeals will direct a reargument; but, unless that feature of the matter is to be taken into consideration, I am at loss to know what principle or rule is to be applied in disposing of such an application as this. If, in any case, in view of what the court of appeals has said as to the grounds upon which rearguments would be ordered, there appears to be some chance that the party applying may secure a reargument in his case, it would seem to be a reasonable exercise of discretion to vacate the judgment and direct the clerk to return the *remittitur;* if, however, in view of the decisions of the court of appeals in relation to rearguments, there appears to be no possibility that a reargument will be directed, it seems to me that an application to vacate the judgment and return the *remittitur* should not be granted. In *Mount* v. *Mitchell*, 32 N. Y. 702, the court of appeals said: "Motions for reargument should be founded on papers showing clearly that some question, decisive of the case and duly submitted by the counsel, has been overlooked by the court, or that the decision is in conflict with an express statute, or with a controlling decision to which the attention of the court was not drawn, through the neglect or inadvertence of counsel." In *Marine Nat. Bank* v. *National City Bank*, 59 N. Y. 73, ALLEN, J., said: "This court proposes to adhere to the rule in *Mount* v. *Mitchell*, 32 N. Y. 702, and motions for reargument will not be entertained unless brought within it." The same doctrine was repeated in *Bank* v. *Hunsiker*, 72 N. Y. 259.

In the present case, so far as I can discover from the moving papers, the only grounds upon which the application is made are: (1) That a majority of the judges of the court of appeals did not unite in a single opinion; that while the opinion written by Judge FINCH, who wrote for affirmance, was concurred in by Chief Judge RUGER and Judge ANDREWS, Judge GRAY, who also wrote for affirmance, delivered an opinion placing his vote upon a different ground from that taken in the opinion written by Judge FINCH; and (2) that Judge GRAY was not present during the whole of the oral argument before the court. The grounds, therefore, upon which the attorney proposes to move for a reargument, are not among those mentioned in *Mount* v. *Mitchell, supra,* and as the court of appeals has repeatedly declared that motions for reargument will not be entertained unless brought within that case, it is impossible to escape the conclusion that the motion for a reargument in this case will not be granted. It is also to be observed that this case evidently received the most careful and thorough consideration in the court of appeals. The case was held under consideration for several months, and three opinions were delivered, and those opinions plainly show that the different views en-

tertained by the judges were the subject of considerable discussion by them. Judge GRAY states in his opinion that he placed his vote upon the ground that the disposition of the residuary estate can be upheld and effectuated by the executors under a power in trust. The question whether there was a power in trust was, it appears, discussed in the printed points of both parties, and that question evidently was the subject of consideration and discussion, for Judge FINCH in his opinion says: "I have not been able to satisfy myself that the testatrix failed to create a trust by the terms of her devise to her executors, and gave merely a power in trust which was sufficient for all the purposes of the will. I admit that very much may fairly be said in support of that consideration; but since I have reached the conclusion that the trust, if created, was valid, and did not unduly suspend the power of alienation, I prefer to put my opinion and my vote upon that basis." The New York Reports are full of cases in which the judgments of the lower courts have been affirmed by the court of appeals where several opinions have been delivered in the latter court, and where the grounds upon which the affirmance was based were as dissimilar as those assigned in the present case; but I doubt whether any counsel has ever ventured to apply to that court for a reargument upon that ground alone. If such application ever has been made, I am very certain that it has been denied. And in view of the fact that the question whether the will contained a power in trust was discussed upon the points of both parties, was evidently considered by the different judges, and that Judge GRAY has written a separate opinion placing his vote upon the ground that the will did contain such a power, I think that for this court to now vacate its judgment, and direct the clerk to return the *remittitur*, upon the ground that Judge GRAY did not hear the whole of the oral argument of appellant's counsel, would be disrespectful to the court of appeals, and unfair to the successful party. The motion will be denied, with $10 costs.