(51 App. Div. 446.)

## TIEHR v. CONSOLIDATED GAS CO.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1. GAS COMPANIES—DUTY TO PREVENT INJURY.

    A company manufacturing and distributing illuminating gas must exercise vigilance to prevent injury to third persons from the gas while it remains on the premises of the manufacturer, or while being carried through its own pipes to different parts of a city.

2. SAME—EXPLOSION IN MANHOLE—EVIDENCE—SUFFICIENCY.

    It was the duty of defendant's employés putting in gas meters, lighting street lamps, etc., to report any leak detected. For two weeks prior to an explosion of gas in a sewer manhole, escaping gas was observed. Immediately after the explosion a leak was discovered in a gas main about 100 feet from the place of explosion. The leak was repaired, and the smell of gas ceased. Defendant, some 10 or 15 days before the explosion, had been notified of escaping gas, and an examination had been made, no escape of gas being found. Gas escaping from such leak might find its way through the earth into sewers, and accumulate in covered sewer manholes. There was no probability of gas escaping from any other main than that of defendant. *Held*, in an action for damages for injuries resulting from the explosion, that the evidence was sufficient to support a verdict for plaintiff.

3. SAME—INSTRUCTIONS.

    In an action to recover for damages for injuries caused by an explosion of gas accumulating, from a leak in a main, in a sewer manhole, an instruction that if, just prior to the explosion, gas sufficient in quantity to cause the explosion was present in the manhole, and the circumstances and conditions preceding and following the presence of such gas in the manhole, and especially the coincidence that the smell ceased when the break in the pipe had been repaired, were such as to exclude all theories other than plaintiff's theory, tracing the origin of the exploding gas to the break in defendant's pipe, then the jury might find for plaintiff, was not erroneous.

4. SAME.

    An instruction that if the defendant brought into the street an inflammable fluid, in such a way as to produce the casualty complained of, and

it occurred, then the facts found may be treated as sufficient to justify the inference that the casualty was due to the agency or negligence of defendant, in the absence of proof that it was caused otherwise, was not objectionable, in connection with other instructions that the jury would understand from the evidence, from arguments of counsel, and from instructions given, that the questions were whether the accident was due to negligence of employés of defendant, and whether through that negligence the gas found its way in the manhole, and was in some manner ignited, causing the injury.

Appeal from trial term, New York county.

Action by Nathan Tiehr, by Joseph Tiehr, his guardian ad litem, against the Consolidated Gas Company, to recover damages for injuries received from an explosion of gas in a sewer manhole. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and HATCH, JJ.

Henry De Forest Baldwin, for appellant.
Leo G. Rosenblatt, for respondent.

PATTERSON, J.   The infant plaintiff was injured by an explosion of illuminating gas which it is alleged the defendant negligently allowed to escape from its main, and to accumulate in a manhole connected with a sewer in Ridge street, in the city of New York. The manhole was located at about the middle of the carriageway, and nearly opposite the premises No. 78 Ridge street. It was distant about 100 feet from the corner of Delancey street. On the afternoon of October 19, 1893, the plaintiff and his father were on Ridge street. The child ran from the sidewalk, and upon the carriageway; and while he was near the manhole the explosion occurred, the flames setting fire to his clothing. He was severely burned. The proof conclusively shows that the explosion was of illuminating gas. It was claimed that it occurred as a result of the defendant's negligence in not properly inspecting, or providing for the inspection of, its mains or street pipes. At the trial the plaintiff had a verdict, and from the judgment entered upon it, and from an order denying a motion for a new trial, the defendant appeals.

The duty of a gas company manufacturing and distributing illuminating gas is well expressed, in a few words, in the opinion of the court in Schmeer v. Gaslight Co., 147 N. Y. 536, 42 N. E. 202, in these words:

"While this gas remained on the premises of the manufacturer, or while it was being conducted through its own pipes to different parts of the city, there can be no doubt that the company was bound to exercise vigilance to prevent injury to third parties from the dangerous qualities of the gas."

It was incumbent upon the plaintiff, under the pleadings in this case, to establish that the explosion was of gas which escaped from the pipes or mains of the defendant, and that the defendant had not exercised that vigilance which the law required, or, in other words, that the defendant was negligent in the discharge of the duty it owed to persons traveling upon the street. Although the direct cause of the explosion was not shown, there was sufficient evidence to take the

case to the jury. For some two weeks prior to the explosion the smell of escaping gas was observed in and along Ridge street. The defendant relied for reports of defects in its mains, and of escaping gas in the streets, upon its employés who put in meters, lit street lamps, and made repairs of various kinds, and each employé was instructed to report any leak that might be detected by smell or otherwise. Immediately after the explosion it was found that a three-inch main of the defendant at the corner of Delancey and Ridge streets was broken. It was then temporarily remedied, and permanently repaired the next day. After the temporary repairs, the smell of escaping gas ceased. The explosion took place, as before stated, in a manhole 100 feet distant from the point at which the main pipe was fractured. It was shown that gas escaping from a leak might find its way through the earth and into street sewers, and be carried along and accumulate, and be readily ignited by a spark; and the plaintiff's theory was that the gas which escaped from the break at the intersection of the two streets passed into the sewer running north and south in Ridge street, accumulated in the manhole, and in some unexplained way became ignited, and the explosion ensued. The evidence in the case seems to exclude any probability of the gas escaping from any other main than that of the defendant. The leak in that main accounted for escaping gas, and the proof respecting the tendency of gas escaping to force its way through the soil, and accumulate in covered sewer manholes, made out a prima facie case, unless it can be said that there were mains of other gas companies in the street from which the exploding gas could have escaped. A witness, who occupied the premises No. 78 Ridge street, states that, some 10 or 15 days before the explosion, he, observing the smell of gas, notified his company, who sent a man down, evidently to examine the witness' premises, and no escape of gas was found therein. It is positively shown that the smell of escaping gas ceased as soon as the defendant's main was repaired, and, upon all the testimony in the case, the jury were authorized to find that it was the gas escaping from the defendant's main that accumulated in the manhole and exploded. The jury were also authorized to find that there was negligence of the defendant's employés in not detecting or reporting the escape of gas. It was their duty to do so; and the defendant's superintendent of mains testified that if there were a smell of gas on Ridge street for two weeks, and the defendant's employés did not report it, such employés were negligent. Upon the issues of fact, we see no reason for interfering with the verdict of the jury.

It is claimed, however, by the appellant that serious errors were committed by the trial judge in his instructions given to the jury. They were told that if, from the evidence, they found that, just prior to the explosion, illuminating gas in quantities sufficient to cause the explosion was present in the manhole where it occurred, and that the circumstances and conditions which preceded and followed the presence of such gas in said manhole, and especially the coincidence that the smell of gas ceased to pervade the atmosphere in the vicinity of the manhole as soon as the defendant had repaired the break in its pipe, were such as to exclude all theories other than plaintiff's theory, which traced the origin of the exploding gas to the break in defendant's

pipe, then they might regard plaintiff's theory as legally established, and find a verdict in accordance therewith. There was no error in that instruction. It presented to the jury clearly and plainly the elements upon which they would be justified in finding a verdict.

An exception was also taken to an instruction given to the jury in the following words:

"If the jury find from the evidence that defendant brought into the street an inflammable and explosive fluid, capable of escaping in such a way as to produce the casualty complained of, and that such casualty actually occurred, then the facts thus found may be treated as sufficient to justify the inference that the casualty was due to the agency or negligence of the defendant, in the absence of proof that it was otherwise caused."

It is strenuously argued that the effect of this instruction was that if the jury should find the simple facts that the defendant brought gas into the street, which might escape in such a way as to produce a casualty, and that a casualty did occur, that those two facts would be sufficient, in and of themselves, to justify a conclusion of negligence of the defendant, unless the defendant proved some other cause of the accident. We do not construe this instruction as the defendant does. It must be taken into consideration with other and subsequent parts of the charge made to the jury. In a subsequent part of the charge the judge said:

"As you will doubtless thoroughly understand from the evidence which has been given, and the arguments of counsel, and from the instructions which I have already given you, the question in the case is whether this accident was due to the negligence of the employés of the defendant gas company, and whether through that negligence the gas found its way into the manhole, and was in some manner ignited, and caused the explosion, and caused the flame to come out and set the boy's clothing on fire."

The whole tenor of the charge indicates that the jury could not have construed the instruction as meaning that the mere introduction of gas into the street, and the effect of an explosion, was evidence of negligence. It was in connection with and by reference to the instruction previously given that the court expressly stated to the jury that the question was as to the negligence of the employés of the defendant gas company in failing to detect or report the existence of a leak in their main.

The judgment and order should be affirmed, with costs.

RUMSEY and HATCH, JJ., concur.

VAN BRUNT, P. J. I concur upon the ground that, there being no proof that any other gas mains than the defendant's were in the street, there was no error in the charge.