Morrison, Appellant, vs. Superior Water, Light & Power Company, Respondent.

*December 13, 1907—January 8, 1908.*

*Instructions to jury: Construction as a whole: Assignments of error: Application of instructions to case: Gas: Leaks: Injuries from escape of gas: Negligence: Trial: Failure to request instructions.*

1. Instructions must be considered as a whole, and a clause in an instruction separated from its context is not to be condemned because considered by itself it is incorrect.
2. An instruction, for the purpose of testing its correctness, must not be viewed independently of the situation actually dealt with thereby.
3. The existence of a defect in a gas company's pipe, allowing a dangerous escape and accumulation of gas, is evidence, unexplained, of negligence.
4. In an action for loss by fire alleged to have been caused by defendant's negligence in failing to repair a defect in a pipe, thereby allowing a dangerous escape and accumulation of gas, the evidence showed, among other things, that the gas piping was originally free from defects, and that before the fire there was discovered a slight leak at a meter connection, caused by a shrinking of a gasket, which leak was not sufficient to maintain combustion until extinguished. *Held*, that while a clause of the instructions given: "The mere fact that a leak occurs in defendant's pipes is not in itself evidence of negligence on its

part," when applied to some conditions might constitute harmful error, it was not erroneous when considered in connection with the facts presented in evidence, and the further instruction that as to small ordinary leaks there was only the duty of reasonable inspection and ordinary diligence to make necessary repairs.

5. Error cannot be predicated upon failure of the trial court to instruct upon a subject in respect to which no request for instructions was made.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action to recover on account of loss produced by fire alleged to have been caused by defendant's negligence.

Plaintiff on, and for some time prior to, January 27, 1903, was a tenant on the third floor of the Keystone Block in the city of Superior, Wisconsin. On that day the block and its contents, including personal belongings of the plaintiff, were destroyed by fire. At or about the time the fire started there was an explosion of great force in the basement of the building, blowing out front windows and forcing a large flame and a great volume of black smoke across the street and up to the third-story windows on that side. The claim of the plaintiff was that the explosion was caused by escape of gas from pipes in the basement of the building because of defendant's failure to keep them in a proper state of repair. Issues were duly formed by the pleadings in respect thereto.

There was undisputed evidence to this effect: The basement under that part of the building in which the fire started was 50x100 feet and about ten feet high. Above that on the first floor was a storeroom 50x100 feet and about fifteen feet high. There was a way leading from such floor to the basement through an opening about 3x10 feet. The building, years prior to the fire, was piped throughout and fitted for lighting with gas, and was connected in the usual way with defendant's gas main in the street in front thereof. A meter was located in the basement and was owned and placed in

position by defendant. As to the ownership of the service pipe inside the lot line there was no evidence. The defendant customarily made small repairs inside the building when informed of need therefor. In case of other repairs the owner of the building was left to have the same done as he might see fit. The explosion occurred about 8:20 p. m., and about twenty minutes after the departure of the last person from the storeroom after the close of the day's business. Such person before leaving spent a considerable time playing on a piano located in a gallery forming part of the storeroom. He observed an odor of gas in the store before leaving. Before going he extinguished all lights, except one located about twelve feet from the basement opening.

There was no direct evidence of any defect in the gas piping, except in one of the meter connections. That, a short time before the fire, permitted gas to escape that would ignite and burn a short time upon a lighted match being placed near it. Black smoke, such as issued from the building, is not produced by an explosion of gas. It requires an admixture of about eight per cent. of gas with the air to make an explosive mixture, while two and one-half per cent. will cause considerable odor and produce asphyxiation. The length of time between the departure of the last person from the storeroom, as aforesaid, and the explosion was not sufficient for an escape of gas in a quantity large enough to so permeate the volume of air in the storeroom near the region of the lighted gas jet and cause an explosion even if the entire supply had been allowed to escape.

There was evidence that defendant was notified several times before the occurrence of gas escaping in the basement of the building. There was a dispute as to the number of the notifications and as to whether the defendant exercised diligence in respect to discovering the difficulty and repairing it if one existed. There was evidence tending to show that an odor of gas was annoyingly perceptible in the basement of

the building for some time prior to the fire, and that it was worse on the day thereof than previously, and there was evidence to the contrary. The case was submitted to the jury, resulting in a verdict of no cause of action. Exceptions to the court's instructions were duly saved, upon which this appeal from the judgment is grounded.

For the appellant there was a brief by *W. P. Crawford* and *Crownhart & Foley,* and oral argument by *C. H. Crownhart* and *W. H. Foley.*

For the respondent there was a brief by *Ross & Dwyer,* and oral argument by *A. B. Ross.*

MARSHALL, J. The controversies on this appeal are in a very narrow compass. These are the only complaints:

The court erred:

(1) In charging the jury that "the mere fact that a leak occurs in defendant's pipes is not in itself evidence of neglect on its part;"

(2) In further instructing that "It is its duty, however, to respond with reasonable promptness, considering the exigencies and circumstances of the case, to reports of leakages, and make repair;"

(3) "The court should have instructed the jury as to the duty of the defendant in the care, management, and control of its gas."

The first two complaints should be viewed together. They really form but one, as clearly appears upon the instructions being viewed as a whole.

It will not do, as this court has often said, to separate a clause in an instruction from its context and condemn it, because considered by itself it is incorrect. Otherwise it might well convey an erroneous idea although with its associate thought or thoughts it is faultless. *Tuckwood v. Hanthorn,* 67 Wis. 326, 30 N. W. 705.

Again it will not do to view an instruction, for the purpose of testing its correctness, independently of the situation actu-

ally dealt with thereby. Regarded only in the abstract it might appear erroneous, while viewed in the concrete it might appear clearly otherwise. *Billingsley v. Maas,* 93 Wis. 176, 67 N. W. 49; *Bartell v. State,* 106 Wis. 342, 345, 82 N. W. 142.

Here, so far as appears by the evidence, the gas piping in the basement of the building and throughout the structure was originally free from defects. The claim of the appellant was that a defect developed some time before the fire at some point, that being, so far as there is any evidence on the question, at one of the meter connections, and that due diligence was not exercised by the respondent to repair the same. The learned trial judge for the purpose of directing the attention of the jury to the mere circumstance of the particular defect occurring, said: "The mere fact that a leak occurs in defendant's pipes is not itself evidence of neglect on its part." In direct connection therewith and as a part of the entire instruction, the attention of the jury was directed to the duty of the respondent, upon the existence of a defect being brought to its attention, the court saying: "It is its duty, however, to respond with reasonable promptness, considering the exigencies and circumstances of the case, to reports of leakages, and make repair."

It is conceded that the last part of the instruction by itself and so far as it goes is as favorable to appellant as could well have been desired, but counsel argue at length, citing many authorities, to the effect that the existence of a defect in a gas company's pipe allowing a dangerous escape and accumulation of gas, is evidence, unexplained, of negligence. The authorities so hold. *Smith v. Boston G. L. Co.* 129 Mass. 318; *Tiehr v. Con. G. Co.* 51 App. Div. 446, 65 N. Y. Supp. 10; *Carmody v. Boston G. L. Co.* 162 Mass. 539, 39 N. E. 185; *Koelsch v. Philadelphia Co.* 152 Pa. St. 355, 25 Atl. 522, 18 L. R. A. 759.

So the language of the trial court, considered in its general

sense and apart from the case in hand, is subject to serious criticism. Applied to some conditions it would doubtless constitute harmful error. But not so when applied to the precise situation with which the court was dealing; a slight leak at one of the meter connections, caused by a shrinkage of the gasket, a leak only sufficient as appears from the evidence to cause gas at the point of the defect to ignite upon the lighted end of a match being touched thereto and to burn a short time, not sufficient to maintain combustion till extinguished. True, the mere occurring of such a trifling leak in the exposed gas pipes in a building, which is liable to occur, we must assume, at any time in the best of systems, is not of itself evidence of negligence, while the contrary is true as to a leak not ordinarily liable to occur. As to such small ordinary leaks there is only the duty of reasonable inspection and ordinary diligence to make the necessary repairs as the learned court instructed the jury.

The third exception relied upon relates to a failure of the court to instruct upon a subject in respect to which no request was made. Error cannot be predicated upon such a failure. *Page v. Sumpter,* 53 Wis. 652, 11 N. W. 60; *Trowbridge v. Sickler,* 54 Wis. 306, 11 N. W. 581; *Hacker v. Heiney,* 111 Wis. 313, 316, 87 N. W. 249; *Van de Bogart v. Marinette & M. P. Co.* 127 Wis. 104, 106 N. W. 805.

*By the Court.*—The judgment is affirmed.