Newton *v.* Harris.

ing is no longer allowed. But the facts only, and not the mere evidence of facts should be stated.(a) In putting this construction upon the provisions of the code, I believe I am sustained by the opinion of Mr. Justice Welles in the case of *Shaw* v. *Jacques,* (4 *How. Pr. Rep.* 119 ;) at least so far as this case is concerned, which is one of purely common law cognizance.

The motion must be granted ; with leave to the defendant to amend his answer so as to conform to the principles of this decision ; provided he serves such amended answer within ten days after notice of the order to be entered upon this motion.

(a) See *Russell* v. *Clapp,* (*ante, Vol.* 7, *p.* 482.)

---

YATES SPECIAL TERM, April, 1850.    *Welles,* Justice.

### NEWTON *vs.* HARRIS.

An affidavit of justification, made by the sureties upon an appeal to the court of appeals, will be sufficient to render the appeal effectual if it states that the sureties are each worth double the amount of the judgment. But in order *to stay the proceedings* upon the execution, the sureties must also justify in double the amount of the sum ($250) required to be inserted in the undertaking to cover the costs of the appeal.

Where an appeal is *regularly* dismissed, by the court of appeals, and the remittitur sent down, the appellate court loses possession of the cause, and all power over it. But where an order dismissing an appeal is irregularly entered, or entered upon a false or garbled affidavit, that court may grant relief, by vacating the order of dismissal.

But so long as the order of the appellate court stands, the court below is bound by it, and has no power to make any order impairing its force.

It can not, therefore, upon motion, vacate a judgment entered upon the remittitur, on account of the irregularity of the order of the appellate court.

JUDGMENT in this case was perfected in favor of the plaintiff, on the 13th June, 1849, for $291,56, damages and costs, in the clerk's office of Livingston county. The cause had been tried

before a referee, who reported in favor of the plaintiff; and a motion for a new trial was made and argued before the general term for Livingston county, upon a case containing the evidence, in August, 1848, which motion was denied at the general term in Ontario county, in May, 1849.

In order to remove the judgment to the court of appeals, for the purpose of review, the defendant's attorney, on the 18th day of August, 1849, caused an undertaking by the defendant and two sureties to be filed with the clerk of Livingston county, to pay all costs and damages which might be awarded against him on the appeal, not exceeding $250. And further, that if the judgment appealed from, or any part of it, should be affirmed, the appellant would pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment should be affirmed, if a part only should be affirmed, and all damages which should be awarded against the appellant upon the appeal. The undertaking was accompanied by the affidavit of the sureties, stating that they were each worth double the amount of the judgment specified therein. At the same time, the defendant's attorney served on the clerk of Livingston county a notice that he appealed from the judgment to the court of appeals, and upon the plaintiff's attorney a like notice, "and that an undertaking as required by the statute has been filed with the clerk of Livingston county, where the judgment is entered." On the 18th day of August, 1849, and a few minutes before the notice of appeal was served upon the plaintiff's attorney, he delivered an execution upon the judgment to the sheriff of Livingston county. At a special term held for Livingston county, on the 21st January, 1850, the defendant obtained an order that he have leave to draw up, under the direction of the court, a statement of the facts upon which the decision of the court denying the motion to set aside the report of the referee was founded, and have the same inserted in the record, in the form of a special or supplemental report of the referee, in the nature of a special verdict or bill of exceptions, for the purpose of having the decision reviewed by the court of appeals, &c. and that all proceedings on the part of the plaintiff and on the

execution be stayed until the settlement of said statement. Notice of the motion for the last mentioned order was served for the circuit and special term for Livingston county, appointed to be held on the 10th day of December, 1849, but the motion was not made, for the reason that the court was not held, in consequence of the ill health of the justice assigned to hold it. And the notice was renewed for the term held in January; when the motion was made, and the order granted as above stated.

On the 4th day of February, 1850, the court of appeals dismissed the appeal under their 7th rule, by an order in the words and figures following: "On filing affidavit showing that the appellant in this cause has made default in not serving three printed copies of the case on the attorney for the respondent, as required by the 7th rule of this court; on motion of W. H. Kelsey, attorney for respondent, it is ordered and adjudged that the appeal in this cause be and the same is hereby dismissed, for want of prosecution, with costs. It is also ordered that the record and proceedings be remitted to the supreme court, there to be proceeded upon according to law." The cause was thereupon remitted to the supreme court, and the remittitur, with the papers originally filed therein with the clerk of the court of appeals, attached, was filed in the office of the clerk of Livingston county. The plaintiff's attorney perfected judgment upon the remittitur, with the clerk of Livingston county, on the 9th day of February, 1850, for $333,67 damages and costs.

The affidavit of the plaintiff's attorney read in opposition to the present motion, stated, among other things, that there was annexed to the remittitur two returns to the appeal, one filed with the clerk of the court of appeals on the 24th September, 1849, and the other on the 31st day of January, 1850. That such returns were substantially alike; each containing a certified copy of the notice of appeal served on the clerk of Livingston county, and a certified copy of the judgment record. A motion was now made to vacate the judgment entered on the 9th day of February, 1850, in the clerk's office of Livingston county, upon the remittitur from the court of appeals.

*James Wood, jun.* for the defendant.

*W. H. Kelsey,* for the plaintiff.

WELLES, J.    The judgment sought to be set aside, is supposed by the defendant's counsel to be irregular for the following reasons: First. That there has been no appeal in the cause to the court of appeals; all the proceedings being irregular, null and void. Second. That if the court should be of the opinion that the appeal is effectual for any purpose, the same was not perfected at the time it was dismissed by the court of appeals, and that the order of that court dismissing the appeal was irregular and void. On the first point the defendant's counsel contended that as the sureties justified only in double the amount of the judgment appealed from, and not in double the amount of the $250 besides, there was no appeal; that the plaintiff was not bound by the notice of appeal, and of the sureties served upon him; that he was not at liberty to notice the proceedings on the part of the defendant taken with a view to the appeal; and that any steps taken by him to have the appeal dismissed, were without foundation and utterly null and void.    But I think here was a perfect valid appeal.    Section 327 of the code prescribes how an appeal shall be made.    The notice given in this case, together with the undertaking filed with the clerk, clearly constituted an appeal from the judgment.    The terms of the undertaking are in conformity with sections 334 and 335.    The only objection to it is that the affidavit of the sureties did not conform to section 335.    That was only necessary in order to stay the execution on the judgment.    The amount in which the sureties did justify was sufficiently large to meet the requirements of section 334.    And the undertaking I think was good for the purpose of an effectual appeal, without staying the execution.

The 340th section requires that a copy of the undertaking, including the names and residences of the sureties, be served on the adverse party, with the notice of appeal.    That was not done in this case, but notice of the appeal was given to the party and the clerk, and notice was also given that the requisite security was filed with the clerk.    After all this the plaintiff

Newton *v.* Harris.

can not, I think, be permitted to say there has been no appeal.

Second. Was the appeal regularly dismissed? It was done under the 7th rule of the court of appeals, which provides that within forty days after the appeal is perfected the appellant shall serve three printed copies of the case on the attorney of the adverse party. If he fails to do so, he shall be deemed to have waived the appeal; and on an affidavit proving the default, the respondent may enter an order with the clerk, dismissing the appeal for want of prosecution, with costs, &c.

The appeal was perfected in this case on the 18th day of August. On the 4th day of February, 1850, it was dismissed and the remittitur sent down. I confess I am unable to perceive any irregularity. More than forty days had elapsed after the appeal was perfected, and if no printed copies of the case had been served, the rule referred to entitled the respondent to the order dismissing the appeal.

But there is another view which seems to me fatal to the defendant on the present motion. The motion seeks to get rid of the order of the court of appeals dismissing the appeal, on the ground that it was irregularly entered. That is the effect of the relief asked for. While that order remains not vacated or set aside, this court is bound by it, whether irregular or not; unless indeed it is absolutely void. It appears regular on its face, and if it is not so it must be by reason of the defectiveness or falsity of the affidavit upon which it was entered. And it is clear to my mind that this court has no jurisdiction to interfere with it, and that the defendant should apply for relief in the court in which it was entered. The defendant's counsel, however, contends that as the remittitur has been sent down and filed in this court, the court of appeals have lost jurisdiction over the cause, for every purpose; and several authorities have been cited to sustain that position. It is undoubtedly true that where the appeal is *regularly* dismissed and the remittitur sent down, the appellate court loses possession of the cause and all power over it. But where an order is irregularly entered, or entered upon a false or garbled affidavit, dismissing the appeal, it can not be that the party is without remedy. The respondent takes

Newton v. Harris.

his order dismissing the appeal under the 2d or 7th rules of the court of appeals, without notice to the appellant, and without application to the court; and it may be entered in vacation. Suppose the attorney for the respondent, after the lapse of forty days from the time the appeal is perfected, makes an affidavit that he has not been served with copies of the printed case in pursuance of the 7th rule, and takes his order to dismiss the appeal, and causes the remittitur to be immediately sent down; and the appellant is able to satisfy the court of appeals that the cases were served in time, either on the respondent's solicitor personally, thus showing the affidavit upon which the order was entered false; or that the cases were served upon the attorney's clerk in his office, in the absence of the attorney, or that the time to serve the cases had been enlarged by written stipulation between the attorneys, thus showing the affidavit garbled, or indeed any other state of facts showing that the respondent was not entitled to the order, can it be doubted for a moment that the court would, on application, vacate the order? It seems to me that their power in such a case is unquestionable. And that by vacating the order the appeal, as a necessary consequence, would be restored. To assume a contrary position, would open the door to the most intolerable vexation and imposition. An appellant would be liable to have his appeal dismissed as often as he should bring one, until the two years' limitation prevented his bringing another, and the appellate court would have no power to give relief.

If I am wrong, therefore, in supposing the respondent was regular in getting the appeal dismissed, the court of appeals would, on a proper application, vacate the order, and then there would be no foundation for the judgment entered in this court upon the remittitur. And this court would set it aside, if necessary, on motion. But while it stands, this court has no power to make any order impairing its force.

It seems to me that the defendant's only remedy is either by application to the court of appeals, to set aside the order dismissing the appeal, or by bringing a new appeal. The motion must be denied with $10 costs.