JAMES LAWRENCE et al., Executors, etc., Appellants, *v.* ELIZA LINDSEY et al., Respondents.

A decree of a Surrogate's Court is in the nature of a decree in equity, and costs on an appeal therefrom are discretionary.

Upon an appeal from a General Term judgment affirming a surrogate's decree, this court affirmed the principle upon which the decree was based, but reversed the judgment on the ground of a defect in the proof; the order of reversal directed that the proceedings be remitted for a rehearing by the surrogate, "costs in this court to be paid out of the estate." *Held,* that, in view of the circumstances, the true construction of the direction as to costs was, that all the parties were entitled to costs in this court; not the appellant only.

(Argued September 18, 1877; decided September 25, 1877.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term which confirmed the taxation of costs in favor of respondent, Eliza Lindsey, to be paid out of the estate.

The original appeal was by the present appellants from a judgment of General Term, affirming a decree of the surrogate of King's county, on a final accounting of appel-

lants as executors of the estate of Henry Lawrence, deceased. The decision therein is reported in 68 N. Y., 108. The judgment appealed from was reversed. The order of reversal was as follows:

"It is ordered and adjudged that the judgment of the Supreme Court and decree of the surrogate, appealed from in this action, be and the same are hereby reversed, and that the proceedings be remitted for rehearing by the surrogate—costs in this court to be paid out of the estate."

Further facts appear in the opinion.

*Chas. H. Woodruff*, for the appellants.

*Philip S. Crooke*, for the respondents.

ANDREWS, J.   The order of reversal in this court directed that the proceedings be remitted for rehearing by the surrogate, and concludes as follows: "Costs in this court to be paid out of the estate." The direction, in respect to costs, is somewhat ambiguous; but, in view of the circumstances of the case, the nature of the appeal, and the effect of the adjudication upon the merits of the controversy, we think the true construction is, that all the parties are entitled to costs in this court, and not the appellants only. The appellants succeeded in procuring a reversal of the judgment of the General Term, and of the decree of the surrogate, but this court affirmed the principle upon which the decree of the surrogate, and the judgment of the General Term mainly proceeded, viz: That the entries in the books of the testator's firm were within the meaning of the will; entries in his "books of account," and in connection with the will, indicated that the sums  mentioned therein were advances to the several legatees named.

This court differed with the surrogate in his holding that the entries alone were sufficient to charge the legatees with the sums specified as advancements, and that it was not necessary to show, by extrinsic proof, that in fact the testator

paid to, or for them the sums mentioned. This court held that the entries should be supplemented by this proof, and that this being supplied, the advancements would be established.

Both parties succeeded, in part, in establishing their respective positions. The appellants insisted that the entries proved were not entries in the testator's books, within the meaning of the will; and also that, if they were, they did not alone establish the advancements claimed.

The respondent claimed the adverse of both propositions, and her position in respect to the first one was sustained by our judgment.

It is quite probable that on the rehearing the additional proof required to establish the advancements may be supplied. It would seem inequitable, under the circumstances, if costs out of the estate are allowed at all, to restrict them to the appellants, when both parties were in fact successful, and when the final issue upon the principles adjudged may be favorable to the respondent. The decree of the surrogate was in the nature of a decree in equity, and the costs are discretionary, and the order is capable of the construction we have given it, which is also, we may say, in accordance with the intention of the court in making it.

The order adjudging costs to the respondent should be affirmed, without costs in this court.

The question whether more than one bill of costs can be allowed to the appellants is not before us.

All concur.

Order affirmed.