JOSHUA L. WADLEY, RESPONDENT, v. JOSEPH H. DAVIS AND OTHERS, APPELLANTS.

*Judgment affirming a surrogate's order in special proceedings — right of a party to enter a judgment for costs.*

Where an order of a surrogate granting leave to issue an execution upon a judgment, after the death of the judgment debtor, is affirmed, with costs, by a General Term, the successful party is entitled to enter and docket a judgment of affirmance establishing the surrogate's decree and awarding costs as in an action for similar services, and to issue an execution for the collection of the amount of the costs included therein.

APPEAL from parts of an order made by the Oswego Special Term, denying a motion to vacate a judgment.

A petition was presented to the surrogate of Oswego for leave to issue an execution upon a judgment after the death of the judgment debtor. Leave having been granted an appeal was taken from the decree of the surrogate to the General Term, where his decision was affirmed in October, 1884, with costs. The costs were taxed and the decision of the General Term was filed. Thereafter a judgment was entered and docketed with the clerk of Oswego county affirming the surrogate's decree, fixing the costs, and authorizing their collection.

*William Tiffany,* for the appellants.

*Cyrus Whitney,* for the respondent.

HARDIN, P. J.:

Plaintiff's proceedings before the surrogate of Oswego for leave to issue an execution against a deceased judgment debtor were special proceedings. (Code of Civil Pro., §§ 1380, 1381; *Matter of Simpson,* 26 Hun, 460; *Marvin* v. *Marvin,* 78 N. Y., 541; *In Matter of Public School, etc.,* 86 id., 396.)

It was held in *Belknap* v. *Waters* (11 N. Y., 477) that a proceeding instituted by summons and complaint is an action, " and that every other remedy is a special proceeding." By section 1380 of the Code application must be made to the court in which a judgment is recovered for an order, and to the Surrogate's Court for " a decree to the same effect." From the " decree " granted by the

surrogate an appeal was allowable. It was taken and heard by this court, and a decision was handed down October 22, 1884, affirming the action of the surrogate, with costs. A copy of that decision was obtained, certified and filed with the clerk of Oswego county. Thereupon the respondents presented a bill of costs, such as would be allowed in an action for similar services, and caused the same to be taxed. It is well adjudged that costs were allowable and that respondent was entitled to the costs which were included in his bill. (Code of Civil Pro., §§ 2550, 3240 ; *Cole* v. *Terpenning*, 27 Hun, 111.) After our decision was filed with the clerk, and certified to the clerk of Oswego county and entered, we think the respondent was entitled to enter a judgment which should formally evidence the determination of the appeal. It was proper that it should show that the appeal from the surrogate's decree had been heard and determined, and also indicate what that determination was as to the subject-matter of the appeal, viz., whether the decree was reversed, affirmed or modified, and whether the appellants or the respondent were entitled to costs, or whether costs were withheld from the parties, or whether the costs were made "payable out of the estate or fund, or personally by the unsuccessful party * * *." (Code of Civil Pro., § 2589 ; *Lawrence* v. *Lindsey*, 70 N. Y., 566 ; *Sheridan* v. *Houghton*, 84 id., 644, 645.)

By section 2585 of the Code of Civil Procedure, an appeal from a decree of a surrogate must be heard by this court "in the same manner " * * * " as where an appeal is taken to the Supreme Court from a final judgment or an order of an inferior court." By that section it is also prescribed that " the judgment or an order made thereupon must be entered, and the papers must be filed in the same manner * * * as where an appeal is taken to the Supreme Court from a final judgment or an order of an inferior court." * * * It still farther provides, " the effect of the judgment, with respect to the proceedings in the Surrogate's court, is the same as (in case of an appeal referred to) in title third of chapter 12 of this act " (Code of Civil Procedure.) In that title is found section 1345 of the Code. It is there said that " a judgment of the Supreme Court, rendered upon an appeal authorized by this title, must be entered in the judgment book kept in the office of the clerk of the county wherein the court below is located." It was

proper to file the judgment roll and enter the judgment in Oswego county, as that was the county "wherein the court below is located." Section 2587 of the Code declares what judgment may be given by this court when an appeal is brought into it like the one which was heard by us and decided in October, 1884. That our decision is regarded as the warrant for "a judgment of this court" is favored by the remarks of the surrogate in *Wright* v. *Wright* (3 Redf., 326).

Our conclusion is that the respondent upon filing our decision, made in October Term of 1884, was entitled to enter a judgment of affirmance establishing the surrogate's decree and awarding costs as in an action for similar services, and that the judgment entered was valid and that the Special Term properly refused to set it aside.

Order of Special Term affirmed, with ten dollars costs and disbursements.

BOARDMAN and FOLLETT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.