SWEET *v.* CITY OF SYRACUSE *et al.*

SAME *v.* MOWRY *et al.*

*(Supreme Court, General Term, Fourth Department.* November, 1892.)

1. COSTS ON APPEAL—EQUITY—SEPARATE ANSWERS OF DEFENDANTS.
 The allowance of costs in equity being discretionary, though defendants answered separately, a judgment in their favor, affirmed, "with costs," on an appeal in which they were all joined, authorizes but one bill of costs, in which should be included costs of all the defendants.

2. SAME—FORM OF JUDGMENT.
 Though the *remittitur* directed judgment, "with costs in this court," plaintiff is not prejudiced by the entry of a judgment, "with costs of said appeal," where only costs in the appellate court were included.

3. SAME—EFFECT OF RECALL OF REMITTITUR.
 A recall of a *remittitur* and a rehearing of the case does not *per se* operate to nullify the judgment for costs entered pursuant thereto, where on the rehearing the original decision is not changed.

Appeal from special term, Onondaga county.

Action by William A. Sweet against the city of Syracuse and others. Defendants had judgment, which was affirmed by the court of appeals, (27 N. E. Rep. 1081, 29 N. E. Rep. 149, *mem.*, 289;) and from a judgment allowing defendants separate bills of costs, an order refusing to vacate the same, and an order denying a motion to modify a judgment for costs in the court of appeals, plaintiff appeals. Modified and affirmed.

For former reports, see 11 N. Y. Supp. 114, and 14 N. Y. Supp. 421.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Charles H. Peck,* for appellant. *C. L. Stone, W. A. Beach,* and *C. E. Ide,* for appellees.

MARTIN, J. This action was brought by the plaintiff, as a taxpayer, against the city of Syracuse, its mayor, clerk, treasurer, the members of its common council and its water board, to perpetually restrain them from carrying into effect or exercising the powers conferred by chapter 291 of the Laws of 1889, entitled "An act to establish and maintain a water department in and for the city of Syracuse," as amended by chapter 314 of the Laws of 1890. The defendants constituting the Syracuse water board appeared and answered by their attorneys, and the other defendants appeared and answered by the corporation counsel of the city of Syracuse. The action was subsequently brought to trial at a special term of this court, and resulted in a judgment dismissing the plaintiff's complaint on the merits, "with costs separately to the defendant the city of Syracuse and the defendants comprising the Syracuse water board," and adjudging that the city of Syracuse recover of the plaintiff $65 costs, and the defendants comprising the Syracuse water board also recover the sum of $85.99 costs. From this judgment the plaintiff appealed. 11 N. Y. Supp. 114. The general term modified it by declaring that section 18 of chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, was invalid, and by enjoining the defendants from exercising any powers by virtue of that section, by striking out the award of costs contained therein, and by awarding to the plaintiff the costs of the appeal. 14 N. Y. Supp. 421. Thereupon the plaintiff, as well as the defendants, appealed to the court of appeals, where the judgment of the general term was reversed, (27 N. E. Rep. 1081,) and that of the special term affirmed, "with costs."

The record and proceedings in the court of appeals were remitted to this court on June 26, 1891. On the next day the defendants obtained an order making the judgment of the court of appeals the judgment of this court, and the defendants constituting the Syracuse water board entered judgment reversing the judgment of the general term, affirming the judgment of the

special term, and awarding them $249.53 costs. On August 12, 1891, the costs included in the judgment entered on the decision of the special term, and those included in the judgment entered July 27, 1891, on the decision of the court of appeals, were paid by the plaintiff to one of the attorneys for the defendants constituting the Syracuse water board, who executed and acknowledged a satisfaction thereof. As there was a conflict in the affidavits upon the question, the special term was justified in finding that the costs were paid by the plaintiff voluntarily, and without protest. Subsequently, and on the 28th day of August, 1891, the other defendants entered another and second judgment against the plaintiff, reversing the judgment of the general term, affirming that of the special term, and awarding them the sum of $189.63, costs. On September 19, 1891, the plaintiff made a motion to vacate the latter judgment, on the ground that it was irregular in consequence of the entry of the previous one, and that two bills of costs were not allowable. On the hearing of this motion the court made an order that the judgment be corrected by deducting therefrom the sum of $70, and that the motion to vacate it be denied, without costs. From the portion of that order denying the plaintiff's motion to vacate and set aside the judgment, and to strike out the remaining costs contained therein, the plaintiff appealed. The defendants appealed from that portion of the order which directed the deduction of $70 from the costs thereby awarded.

The first question presented by this appeal is whether the court properly denied the defendants' motion to vacate the judgment of August 28, 1891. The only substantial right involved in the motion was the defendants' right to costs. Were the defendants entitled to two bills of costs? It will be observed that the only direction made by the court of appeals as to costs was that the judgment of the general term be reversed, and the judgment of the special term affirmed, "with costs." The costs were in the discretion of the court, as the action was not one specified in section 3228 of the Code of Civil Procedure. Section 3238. This being an action in equity, all the defendants having joined in one appeal, and the decision of the court of appeals having been a reversal of the judgment of the general term, and an affirmance of the judgment of the special term, with costs, but one bill of costs was authorized. *Van Gelder* v. *Van Gelder*, 84 N. Y. 658; *In re New York, W. S. & B. Ry. Co.*, 28 Hun, 505; *Fischer* v. *Langbein*, 31 Hun, 272; *Everson* v. *Gehrman*, 2 Abb. Pr. 413.

We are of the opinion that the entry of the second judgment was irregular, and the court erred in denying the plaintiff's motion to vacate it. If correct in this conclusion, it follows that the order appealed from should be reversed, and that the defendants' appeal should not prevail. It would seem, however, that the judgment first entered should have been amended by the special term by awarding costs to all the defendants, instead of the defendants comprising the Syracuse water board. Our conclusion as to the appeal from the order of September 24, 1891, is that it should be reversed, with $10 costs and disbursements, that the motion to vacate the second judgment should be granted, and the judgment entered July 27, 1891, amended, so as to award the costs therein to all the defendants, instead of the defendants comprising the Syracuse water board.

Subsequently, and on the 27th of October, 1891, the plaintiff made a motion for a reargument of the case in the court of appeals. This motion was granted, and the supreme court was requested to return to the court of appeals the *remittitur* in the case. On November 4, 1891, an *ex parte* order was made at a special term of this court, directing the return of the *remittitur*. The case was reargued, and again decided by the court of appeals. 29 N. E. Rep. 289. The proceedings were again remitted to the supreme court, including the first *remittitur*, which was in no manner changed, and the second *remittitur* reversed the judgment of the general

term, and affirmed that of the special term, with costs in that court. Afterwards, and on January 25, 1892, the special term, on motion of the attorney for the Syracuse water board, granted an order making the judgment of the court of appeals the judgment of this court, and directing judgment in accordance with the provisions of the second *remittitur*, except that it provided that the judgment should be entered "with costs of said appeal," instead of with costs in the court of appeals. On the following day the attorney for the water board entered another judgment, reversing the judgment of the general term, affirming the judgment of the special term, and awarding to the defendants composing the Syracuse water board $102.86, costs against the plaintiff. On February 16, 1892, the plaintiff made a motion "to modify said order of January 25, 1892, by making the same conform to the *remittitur* from the court of appeals, to wit, instead of directing ‘costs of said appeal,’ to read ‘costs in the court of appeals,’ to vacate and set aside said order of June 29, 1891, and said judgments of July 27 and August 28, 1891, and to direct the restitution to the plaintiff of the sum of $65 and the sum of $95.99, being the costs awarded to the defendants by said judgment of the special term, and the sum of $249.53, being the costs included in said judgment of July 27, 1891, all of which costs have been paid by the plaintiff, and for such other and further relief in the premises as may be just and proper, with costs. The plaintiff, claims that said relief should be granted because of the opening of the case by the court of appeals for reargument, and the decision in consequence thereof." This motion was denied, "with ten dollars costs to the defendants, comprising the Syracuse water board, and ten dollars costs to the city of Syracuse, separately," and entered in the office of the clerk of Onondaga county, May 10, 1892. From this order the plaintiff appealed.

The correctness of the latter order is the only remaining question to be considered. The contention of the plaintiff is: (1) That the order for judgment on the second *remittitur* should be amended to conform to the *remittitur*. (2) The judgment thereon should give the costs to all the defendants, instead of to the Syracuse water board. (3) The order and judgments on the first *remittitur* should be vacated. (4) The costs paid, with interest, should be restored.

These propositions will be considered in the order in which they are stated.

*First.* We can perceive no necessity for the amendment to the order for judgment on the second *remittitur*. The only defect complained of is that its provision as to costs was "with costs of said appeal," when the provision in the *remittitur* was "with costs in this court." Where, as in this case, the defendants have only included in the judgment entered the costs in the court of appeals, the merits of this claim are not apparent, nor is it apparent how the plaintiff has been injured by the omission to follow in the order the precise language of the *remittitur*. We see no occasion for granting the amendment sought.

*Second.* We think the plaintiff's claim that the judgment entered upon the second *remittitur* should have awarded the costs to all of the defendants, instead of to the defendants constituting the Syracuse water board, is well founded, and that the special term should have granted an order amending the judgment in that respect. As we have already examined the question as to the plaintiff's liability for more than one bill of costs, no further examination would seem to be necessary.

*Third.* The only practical question involved in the plaintiff's claim that the order and judgments made in pursuance of the first *remittitur* should be vacated is whether the defendants were entitled to the costs included in the judgment entered by the defendants composing the water board, July 27, 1891. If the defendants were entitled to the costs included in that judgment, then, when it is amended so as to award costs to all of the defendants, instead of a

part, the plaintiff will be in no way injured by allowing that judgment as amended to remain, and it will then stand as it should have been entered originally. It is true a question may arise between the defendants as to the manner in which those costs should be divided, but that question is not before us. The plaintiff's precise contention is that, when a reargument was ordered, and the original *remittitur* returned to the court of appeals, it, in effect, nullified the order and judgment that were made and entered in pursuance of the first *remittitur*, and hence that the defendants are entitled only to such costs as were awarded by the *remittitur* filed after the decision upon a reargument of the case. We cannot think that a recall of the original *remittitur* and a rehearing of the case operated *per se* to nullify the order and judgment entered in pursuance thereof. *Murray* v. *Jones*, (Sup.) 2 N. Y. Supp. 486; *Newton* v. *Harris*, 8 Barb. 306. That it worked a temporary suspension of all proceedings under that judgment may be. Doubtless the court of appeals might have so changed its original decision in the case, and so amended its first *remittitur*, that it would have been the duty of this court to vacate the judgment and order first entered. It, however, did nothing of the kind. After a reargument of the case, it in no way changed or amended the original *remittitur*, but left it remaining as it was first issued, and added to the return a second *remittitur*, in which it reasserted its former decision, with costs in that court; so that the record, when it finally rested in this court, contained an award of costs to the successful party by the court of appeals upon its first decision, and an award of costs in that court when it reaffirmed that decision after a reargument. These circumstances, we think, indicate that the intent of the court of appeals was that the provisions in the first *remittitur* as to costs should remain unchanged, and that the defendants should have costs in that court upon the reargument. We must assume that if the court of appeals had intended to change, modify, or supersede any of the provisions of the first *remittitur*, it would have indicated that intent in the second.

These considerations lead us to the conclusion that the judgment entered July 27, 1891, by the defendants constituting the Syracuse water board, should be amended in the respects suggested, and, when thus amended, allowed to stand.

*Fourth.* If the conclusions at which we have already arrived are correct, it would seem to follow that the plaintiff is not entitled to the restitution sought. Whether the amount of costs as adjusted by the clerk was correct, we need not inquire, as we fail to find that any of the items thereof were objected to before the clerk, or any motion made by the plaintiff for a retaxation thereof. In the absence of proof that any of the items were improperly adjusted after objection by the plaintiff, it is not our duty to examine as to the correctness of such adjustment, especially as the costs have been paid without questioning any of the items. We think the order should be affirmed so far as it denied the plaintiff the restitution asked. Order of September 24, 1891, reversed, with $10 costs and disbursements of this appeal to plaintiff, motion to vacate the judgment entered August 28, 1891, granted, and judgment entered July 27, 1891, amended so as to award the costs therein to all of the defendants, instead of the defendants comprising the Syracuse water board. Order of May 10, 1892, modified, by directing the judgment entered January 26, 1892, to be amended by awarding the costs therein to all of the defendants, instead of the defendants constituting the Syracuse water board, and by striking out the costs of the motion awarded to the defendants, and, as modified, affirmed, without costs to either party. All concur.