MARIA ISOLA and PAOLO ISOLA, as Administrators, etc., of AGOSTINO ISOLA, Deceased, Appellants, *v.* JOHN WEBER and LOUIS WEBER, Doing Business under the Firm Name and Style of J. & L. WEBER, and MICHAEL POWER, Respondents.

*"With costs" in a remittitur from the Court of Appeals does not mean "costs to each of the appellants."*

A remittitur from the Court of Appeals which recites "that the order of the General Term  *  *  *  is hereby reversed and the order of the Special Term of said court affirmed, with costs," does not justify the court below in entering an order giving "costs to each of the appellants herein."

APPEAL by the plaintiffs, Maria Isola and another, as administrators, etc., of Agostino Isola, deceased, from an order of the Court of Common Pleas for the city and county of New York, entered in the office of the clerk of said court on the 10th day of December, 1895, on a remittitur from the Court of Appeals awarding the costs to different appellants.

*John H. Whiting* for the appellants.

*John J. Fitzgerald,* for the respondents.

PER CURIAM:

The single question presented is, were the defendants entitled to separate bills of costs in the Court of Appeals or only one? The remittitur recites "that the order of the General Term  *  *  * appealed from herein to this court be, and the same is hereby reversed, and the order of the Special Term of said court affirmed,

First Department, December Term, 1896.          [Vol. 12.

with costs." In the order entered upon this remittitur, from which this appeal is taken, it is recited "that the said order of the Special Term * * * be and the same hereby is affirmed and given full force and effect in all respects, with costs to each of the appellants herein."

We think that this was a clear enlargement of the judgment of the Court of Appeals, and was unwarranted. The question was one as to costs in the Court of Appeals, and that court alone can fix the costs. The remittitur from that court says simply "with costs," and does not say "with costs to each of the appellants." To quote the language of the Court of Appeals in *Matter of Prot. E. Pub. School* (86 N. Y. 396): "The Special Term had no discretion to exercise. The question was not before it. Its sole duty was to enter exactly the order which this court directed, and it could neither add to nor take away from our judgment." There, as in the case at bar, the Court of Appeals reversed the order of the General Term and affirmed that of the Special Term, "with costs." (See, also, *Van Gelder* v. *Van Gelder*, 84 N. Y. 658.) As there was no question before the Special Term except as to the costs in the Court of Appeals, that court alone could determine that question if there was any dispute, and the Special Term was entirely without authority to enlarge the direction as to costs made by the Court of Appeals.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and an order entered making the judgment of the Court of Appeals the judgment of this court.

Present — VAN BRUNT, P. J., BARRETT, RUMSEY, O'BRIEN and INGRAHAM, JJ.

Order reversed, with ten dollars costs and disbursements, and order entered making the judgment of the Court of Appeals the judgment of this court.