### OLYPHANT et al. v. PHYFE et al.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. WILLS—POWER OF SALE—EVASION—RIGHT TO MORTGAGE—NOTICE.

Testator's executors, who were given power to sell real estate for certain purposes, but no power to mortgage, were induced, through the advice of an attorney, to evade the will by conveying property nominally to a third party for the purpose of mortgaging it to one of the attorney's clients to raise money to lend to another of the attorney's clients, the attorney acting with a design to advance the interests of the borrower. *Held*, that the attorney's knowledge of the conditions under which the mortgage was executed could not be imputed to his client, whose money was lent, so as to invalidate the mortgage.

2. LIS PENDENS—NECESSITY—EFFECT.

Since a notice of lis pendens is not authorized in a proceeding under Code Civ. Proc. § 2750, authorizing the filing of a petition within three years after letters of administration are granted on the estate of a decedent for the sale of decedent's real estate for payment of debts, etc., a notice of lis pendens filed in such proceeding is a mere nullity.

8. MORTGAGES—DECEDENT'S PROPERTY—SUBJECT TO DEBTS—NOTICE.

A mortgagee of a decedent's property is bound to know that under Code Civ. Proc. § 2750, the real estate of a decedent is subjected to the payment of debts within three years from the probate of a will, and a person with knowledge that a proceeding has been taken to effect such a sale, who accepts a mortgage on the property before the final determination of the proceeding, does so at his own risk, though, at the time the mortgage was executed, there had been a decision by the surrogate in the proceeding, adverse to the petitioners, the limit of appeal from which had not expired.

Appeal from special term, New York county.

Action by Robert M. Olyphant and others, executors of the estate of Anne A. Morse, deceased, against Amy C. Phyfe and others, for foreclosure of a mortgage. From a judgment entered for plaintiffs at special term (58 N. Y. Supp. 217), defendants appeal. Reversed as to defendants Heroy and Marrenner, and affirmed as to the other defendants.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Niles & Johnson (Henry B. Johnson, of counsel), for appellants Campbell, executors.

Wm. O. Gantz, for appellant Sarah Cummins.

A. V. B. Voorhees, Jr., for appellant James Campbell.

Wm. W. Niles, for appellants W. W. Heroy and P. Plats Glass Co.

John E. Parsons, for respondents.

PATTERSON, J.　The primary question in this case relates to the validity and enforceability of the plaintiffs' mortgage. The material facts on that question appearing in the proofs are substantially the same as those connected with the mortgage foreclosed in the case of Benedict v. Arnoux, 7 App. Div. 1, 39 N. Y. Supp. 793; Id., 154 N. Y. 715, 49 N. E. 326. There, as here, the case turned upon the point of an attorney's knowledge of certain facts being imputable as notice to his client. In both cases the same attorney at law loaned on bond and mortgage moneys of one client to other clients. Here the transaction originated in a purpose and design to advance and further the interests of the borrower, and the effort of the attorney was to accomplish that purpose. The property upon which the mortgage was to be given as collateral security belonged to the estate of William Campbell, deceased. By his last will and testament, Mr. Campbell gave to his executors a power of sale for certain purposes. The testator's son and son-in-law, Messrs. Campbell & Phyfe, were interested in a building speculation in no way connected with that property. The testator had, however, incurred indebtedness on account of Campbell & Phyfe, and in connection with their business undertakings. Campbell & Phyfe were embarrassed, and they and the executors of Mr. Campbell's will desired to proceed with the particular real-estate operation, but, financial complications having arisen in regard thereto, it became necessary for Campbell & Phyfe to raise money to pay off liens upon the real estate the subject of their speculation, and to relieve it from a decree of foreclosure of a third mortgage then entered against that property. Application was made by Campbell & Phyfe to the attorney at law referred to, who advised them that the power of sale to the executors contained in the will of Mr. Campbell did not include a power to mortgage, but that a device might be resorted to by which the executors should convey real property of the testator to a third party, who could then execute mortgages, and thus money might be raised for the purpose of proceeding with Campbell & Phyfe's real-estate speculation. Campbell & Phyfe and the attorney at law induced the executors to convey the premises involved in this action to one Amy C. Phyfe, and thereupon the attorney loaned, nominally to Amy C. Phyfe, but actually to Campbell & Phyfe, the moneys of the plaintiffs' testatrix, and took back the mortgage sought to be foreclosed in this action. The transaction was made by the attorney, for the purpose of benefiting one client by the use of the money of another; and under the circumstances, as was held in the Benedict Case, there can be no attribution of notice to the plaintiffs' testatrix of those facts which were within the knowledge of her attorney, and which would have rendered invalid the mortgage, had such notice been attributable or chargeable to her. The case, on this branch of it, comes directly within the rule in the Benedict Case.

By the decree herein it is substantially adjudged, although not in so many words, that the lien of the plaintiffs' mortgage is paramount to all other liens, except taxes and assessments. Among the defendants on the record are the surviving partners of the

firm of Heroy & Marrenner, and in the complaint it is alleged that
various defendants, including that firm, had, or claimed to have,
some interest in or lien upon the mortgaged premises. The de-
fendants last named answered the complaint, and, among other
things, set up that prior to the death of Mr. William Campbell he
was indebted to the firm of Heroy & Marrenner in the sum of $5,000;
that Mr. Campbell died on the 27th day of April, 1888, seised in fee
of the premises described in and affected by the mortgage in this
action; that he left a last will and testament, which was duly ad-
mitted to probate on the 18th of October, 1888, and that the execu-
tors of his will duly qualified on that day; that on the 31st of De-
cember, 1889, the claim of Heroy & Marrenner against the estate
of William Campbell was admitted by the executors, and a certain
sum paid on account thereof; that on or about the 17th of October,
1891, within three years after the probate of the will of William
Campbell, the surviving partners of the firm of Heroy & Marrenner
began a proceeding in the surrogate's court of the county of New
York for a sale of the real property of William Campbell, deceased,
to pay his debts, under the provisions of title 5, c. 18, of the Code of
Civil Procedure; that a notice of lis pendens was filed in connec-
tion with that proceeding in the surrogate's court; that a hearing
was had in the proceeding, and that the surrogate, on the 7th of
June, 1892, dismissed the proceeding. That dismissal, as would
appear from the judicial reports of the case, was upon the ground
that, there having been a power of sale for the payment of debts
contained in the will of Mr. Campbell, under the express provisions
of the Code of Civil Procedure the particular proceeding could not
be maintained. It further appears that an appeal was taken from
the decree of the surrogate dismissing the proceeding, and the gen-
eral term of the supreme court reversed that decree, holding that
the proceeding was properly instituted, and that the surrogate should
have passed upon the merits. It also appears that nothing further
was done in the surrogate's court proceeding after the entry of the
order of reversal by the general term. The petition of Heroy &
Marrenner was presented one day before the expiration of the three
years allowed by law for that purpose, and a notice of lis pendens
was filed, but the filing of that notice did not in any way affect
the rights of the petitioners, nor does it stand as notice to anybody,
for there is nothing in the Code which authorizes the filing of no-
tices of lis pendens in proceedings of that character. Where there
is a disputed claim, and it is necessary to save the statute of limita-
tion, and an action is brought to establish the debt under section
2751 of the Code of Civil Procedure, a notice of lis pendens may
be filed, but such a notice can be filed only in actions. Then it is
an absolute right, but in a proceeding of the character instituted
by Heroy & Marrenner it is not a matter of absolute right, and
it is well understood that, where a notice of lis pendens is not filed
in accordance with the permission of a statute, or in an action not
affecting real property, it is a mere nullity. Mills v. Bliss, 55 N. Y.
141. But the situation of the surviving partners of Heroy & Mar-
renner in this case does not require us to consider the effect of the

filing of a notice of lis pendens. They had the right to resort to the provisions of law authorizing the subjection of a decedent's real estate to the payment of his debts, if the application were made within three years. There is nothing difficult of understanding in the nature of that right. Judge Earl has defined it in a very few words in the case of Platt v. Platt, 105 N. Y. 497, 12 N. E. 25, in which he says:

"The debts of a decedent can be ordered to be paid out of his real estate by his heirs or devisees in the manner provided by statute. During three years after his death his creditors have a kind of statutory lien upon the real estate left by him, but such real estate cannot be aliened by his heirs or devisees during that time so as to defeat the claims of creditors thereon."

The firm of Heroy & Marrenner resorted to the proper court, and by the proper process sought to have their debt established, and their lien, or quasi lien, enforced. The proceeding failed in the surrogate's court, but was restored by the general term. Within a day or two after the decree of the surrogate, and before an appeal had been taken to the general term, the attorney at law before referred to completed the transaction of the loan of the money of the plaintiffs' testatrix on the mortgage. The plaintiffs' contention is that, inasmuch as the surrogate had decided adversely to the petition of Heroy & Marrenner, there was an adjudication that there was no claim and no right to resort to Mr. Campbell's real estate to pay his indebtedness to them. It is true that it was so adjudicated, but it is also true that the time to appeal had not elapsed, and it is also true that, when an appeal was taken within the proper time, and the decision of the surrogate was subsequently reversed, the parties were remitted to precisely the situation in which they stood at the time the petition of Heroy & Marrenner was originally presented to the surrogate; that is, within the three years in which they were entitled to take the course they pursued. If a person chooses to take a mortgage on real estate under such circumstances, he does it at his peril.

There is no question of notice by reason of a lis pendens, but there is a question of notice by reason of the provision of law which an intending purchaser of real estate is bound to know, namely, that the real estate is subjected to the payment of a decedent's debt within three years from the probate of a will; and, when it is ascertained that such a proceeding has been taken (as was the fact in this case), the purchaser takes the risk of accepting title before the final determination of such a proceeding and the expiration of the time to appeal therefrom, if the determination is adverse to the petitioner. We do not hold that Heroy & Marrenner had a right in the property superior to that of the plaintiffs. Their right to compel the sale of the real estate for the payment of debts still remains undecided in the surrogate's court. There is nothing in the suggestion that the statute of limitations bars the claim of Heroy & Marrenner as between the plaintiffs' testatrix and that firm. Their rights remain as they were on the day the petition of Heroy & Marrenner was filed in the surrogate's court. If they had any right, it was prior and superior to that of the mortgagor, and that

right could not be determined in this action. Neither the plaintiffs nor their testatrix have done anything, or parted with anything, based upon any remissness or delay of Heroy & Marrenner in prosecuting their proceeding in the surrogate's court. We cannot undertake to fix or adjust their rights in and to this property.

Upon the appeal of the defendants Heroy and others the judgment should be reversed, with costs, and the complaint dismissed, with costs, as to them. Upon the appeal of the other defendants the judgment should be affirmed, with costs. All concur.