---

(136 App. Div. 852.)

In re KINN.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. WILLS (§ 845*)—DECEDENT'S PROPERTY SUBJECT TO DEBTS—NOTICE—BONA FIDE PURCHASERS.

The purchaser from a devisee of land belonging to a decedent's estate is bound to take notice that there is, by law, a quasi lien on the same in behalf of creditors for a period of three years.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2158; Dec. Dig. § 845.*]

2. EXECUTORS AND ADMINISTRATORS (§ 325*)—SALE OF LAND TO PAY DEBTS.

The fact that there are valid claims against a decedent's estate largely in excess of the personal property, of itself, warrants a sale of real estate to pay debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1339–1341; Dec. Dig. § 325.*]

Appeal from Surrogate's Court, Kings County.

Application by Peter Kinn, executor of Anna Kinn, deceased, for leave to sell real estate for payment of debts. William Auer intervened and filed objections. From a decree of sale, intervener appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. P. Bachman, for appellant.

Thomas F. Murtha, for respondent Peter Kinn.

William A. Bacher, for respondent creditor John B. Kinn.

Alfred C. B. McNevin, for respondent creditors Schreiner & Kinn.

WOODWARD, J. A concise statement of the facts is about all that is necessary to a determination of this case, and the learned surrogate appears to have had them well in mind. Anna Kinn died in the borough of Brooklyn on or about the 22d day of October, 1905, leaving a last will and testament, which was subsequently proved before the surrogate of the county of Kings on or about the 12th day of March, 1907, letters testamentary being issued to Peter Kinn, sole executor, on that date, and he thereupon entered upon the discharge of his duties, and has continued in the position down to the present time. At the time of her death, Anna Kinn was seised of certain real estate, . known as Nos. 8 and 10 Judge street, Brooklyn, of the value of about $4,500. The inventory of the goods, chattels, and credits of the deceased, made and filed in the manner prescribed by law, showed an appraised value of $145.54, and the executor has realized the sum of $51.54 on such personal property. The executor duly advertised for claims, which resulted in demands upon him for a sum aggregating $3,424.46; a portion of this sum being made up of certain promissory notes made or indorsed by the decedent, which the executor refused to pay, but entered into a stipulation, under the provisions of section 2718 of the Code of Civil Procedure, to have the same sent to a referee to hear, try, and determine. This proceeding resulted in judgments in favor of the several claimants for the full amount of their claims, so that, with the claims previously allowed by the executor, the decedent owed debts aggregating nearly $3,500, with personal property of the value of about $150.

Under these circumstances, Peter Kinn, the sole executor, petitioned the Surrogate's Court for authority to sell the real estate of deceased for the payment of her debts, and a citation and supplemental citation addressed to the heirs, devisees, grantees, mortgagees, creditors, and all other persons interested in the real estate, duly issued out of said court, directing them and each of them to show cause on the 5th day of April, 1909, why a decree should not be made directing the disposition of the said real estate for the payment of the debts and funeral expenses of the decedent. Later an amended petition, varying in no material respect, was filed, and on or about the 10th day of April, 1909, the appellant, William Auer, filed an answer to the petition, in which, without denying specifically any of the allegations of the petition, he alleges several matters not material to the determination of the matters involved, and alleged on information and belief that "the executor has collected money for the estate herein and has neglected to take possession of personal property belonging to the estate," and prays for an accounting. None of the other interested parties appeared to contest the proceeding, and the appellant called no witnesses and offered no evidence in support of his allegations of misconduct on the part of the executor, nor did he attempt to disprove any of the allegations of the petition.

William Auer's interest in this proceeding comes from the fact that on the 22d day of April, 1907, less than three years from the date of the issuing of letters testamentary, he took a conveyance of the premises 8 Judge street from Nicholas H. Kinn, devisee of Anna Kinn, deceased, and it is alleged, and not disputed, that he gave a valuable consideration therefor, and has since remained in possession of the same. Taking the premises under these circumstances, and without making any inquiry, so far as appears, to determine whether the personal property was sufficient to pay the debts, the appellant is not an innocent purchaser; he must take notice that the law gives a quasi lien upon the real estate of a deceased person in behalf of creditors during a period of three years, and during that time it cannot be aliened by his heirs or devisees in such a manner as to defeat the claims of creditors thereon. Olyphant v. Phyfe, 48 App. Div. 1, 5, 62 N. Y. Supp. 688, and authority there cited. While it is no doubt true that the appellant would have a right, under a proper answer, to question the claims of creditors allowed by the executor, his contention that the proceedings before the referee upon the disputed claims were in any wise irregular is without any foundation in law, while the concessions of counsel upon the hearing, upon the petition, conclusively show that there were valid claims largely in excess of the personal property, and this of itself is sufficient to warrant the decree of sale, provided the proceedings have been in conformity with the provisions of the statute, as does not seem to be open to question in this case. Section 2756, Code Civ. Proc. If there is a surplus from the sale of the real property, or if any funds come into the hands of the executor which might properly have been used in the payment of debts and funeral expenses, the appellant may assert his rights in a proper action (section 2801, Code Civ. Proc.); but we fail to discover upon this appeal any reason for setting aside the decree of the surrogate.

The decree appealed from should be affirmed, with costs. All concur.