minate, and the estate in remainder was to vest in possession in Walton Storm, Jr.

It is unnecessary to determine whether his interest was vested or contingent because, in either event, he was a necessary party to the action. Code, § 1538; Campbell v. Stokes, supra. The power given to the executors to join with any party or parties in the partition of any of the real estate owned by the testatrix with any other person or persons may have been sufficient to enable them to effect actual partition by mutual consent of any lands owned by the testatrix in common with others, but it certainly cannot be held to justify the maintenance of an action in which those who would otherwise have been necessary parties are omitted.

The motion to compel the purchaser to take title must therefore be denied, with $10 costs. Settle order on notice.

---

## In re KINN.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. APPEAL AND ERROR (§ 1207*)—ORDER OF AFFIRMANCE—PROVISION FOR COSTS.
   Though there be several respondents appearing separately, an order of affirmance "with costs" allows only one bill of costs on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4698; Dec. Dig. § 1207.*]

2. APPEAL AND ERROR (§ 1207*)—REMITTITUR—PROCEEDINGS BELOW.
   The Surrogate's Court, in entering an order on a remittitur from the Supreme Court allowing only one bill of costs, can allow no greater number.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1207.*]

3. APPEAL AND ERROR (§ 1207*)—REMITTITUR—PROCEEDINGS BELOW—COSTS.
   Where the Supreme Court affirmed an order "with costs," the order of the Surrogate's Court on the remittitur should provide that the costs of appeal be paid to the respondents jointly; application to the Supreme Court to make its order more specific being the remedy if a respondent claims such costs should be paid to him alone, or if dispute as to division thereof arises.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1207.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the application of Peter Kinn, as executor of Anna Kinn, deceased, for leave to sell real estate to pay debts. From the orders as to costs, William Auer appeals. Reversed, and proceedings remitted.

See, also, 136 App. Div. 852, 122 N. Y. Supp. 26.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

A. P. Bachman, for appellant.

Hirsh & Rasquin (Emanuel Newman and Alfred C. B. McNevin, on the brief), for respondents Schreiner and others.

Joseph A. Kennedy, special guardian in person.

Thomas F. Murtha, for respondent Kinn.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J. Peter Kinn, as executor of the last will and testament of
Anna Kinn, applied to the Surrogate's Court of Kings County for au-
thority to sell the real property of his testator for the purpose of pay-
ing her debts. Upon the return of the citation, several of her creditors
appeared in support of the application. It was resisted by William
Auer, who had purchased said real property from the devisee thereof
within three years after the issuing of letters testamentary. From the
decree of the Surrogate's Court granting such application, Auer ap-
pealed to this court. Upon the argument of the appeal briefs were
filed, not only in behalf of the executor-respondent, but in behalf of
two of the creditors. The order of this court, entered upon its decision,
contained these words:

"It is hereby ordered and adjudged that the decree of the Surrogate's
Court of Kings County so appealed from be and the same is hereby affirmed,
with costs."

Thereafter an order was entered in the Surrogate's Court, making
such order of affirmance the order of that court. Separate bills of costs
upon appeal had been previously taxed in favor of the respondent-ex-
ecutor, in favor of the respondent-creditors, and in favor of the special
guardian of an incompetent heir at law who did not appear in the appel-
late court at all. The amount of these costs was inserted in the order,
with a direction that they be paid by the appellant personally to the
parties who had taxed the same. The order seems to have been entered
without notice. A motion was made to resettle the same by striking
out the direction for separate costs, and providing for only one bill of
costs, to be paid by the appellant, and directing a retaxation according-
ly. This appeal is taken from the order denying such motion, and also
from so much of the previous order as awarded separate costs.

In a case of this character, costs on appeal are in the discretion of the
court. Code Civ. Proc. §§ 3238, 3239, 3240; Lawrence v. Lindsey, 70
N. Y. 566. When the order of an appellate court affirms the order of
the court below "with costs," although there may be several respond-
ents appearing separately, such order has been construed as allowing
only one bill of costs on appeal. Van Gelder v. Van Gelder, 84 N. Y.
658; Sweet v. City of Syracuse, 66 Hun, 629, 20 N. Y. Supp. 924.
Although the question of the allowance of more than one bill of costs
to parties separately appearing in the Surrogate's Court is in the first
instance committed to that court, in entering an order upon a remittitur
from this court which allows only one bill of costs no power exists in
the Surrogate's Court to allow a greater number. Isola v. Weber, 12
App. Div. 267, 42 N. Y. Supp. 615; Matter of N. Y., West Shore &
B. R. Co., 28 Hun, 505. The order of the Surrogate's Court should
provide that the costs of the appeal be paid to the respondents jointly.
If the executor thinks that such costs should be paid to him alone, or if
any embarrassment arises as to the division of the costs, application
should be made to this court to make its order more specific in this
respect.

The order of the Surrogate's Court of Kings County dated April 27,
1910, refusing to resettle the order of April 11, 1910, and so much of
the order of April 11, 1910, as is appealed from, should be reversed,

with $10 costs and disbursements, and the proceedings should be remitted to the said Surrogate's Court to proceed in accordance herewith. All concur.