MARY J. SMALLWOOD et al., Plaintiffs, *v.* OVERSEAS STORAGE COMPANY, INC., et al., Defendants.

Supreme Court, Kings County, February 8, 1943.

*Kenneth M. Spence* for plaintiffs.

*Theodore K. McCarthy* in person and for Equal Shares, Inc., defendants.

*John H. Munley* for Cyril J. Brown, defendant.

F. E. Johnson, J.   In this equity action for accounting there were four defendants, two of whom appeared by one attorney; of these one was a member of a partnership and one was a corporation.   The other partner appeared by separate counsel, the partners being sued individually and as partners.   The Special Term gave plaintiffs a judgment which was reversed in the Appellate Division (263 App. Div. 609); the Court of Appeals affirmed (289 N. Y. 827).   There was one printed record.   The corporation was organized and controlled by the defendant partners, and they had a substantial stock interest in it.   The fourth defendant does not figure in this motion, which relates to what costs the prevailing parties defendant in the Court of Appeals may tax under a remittitur which gave them costs in all courts.

The partners apparently took different counsel because of alleged personal differences; the Court of Appeals, after hearing the two counsel for the three defendants, did not award a separate bill to any party, but merely gave '' costs in all courts,'' perhaps exercising the discretion existing in equity actions; no attempt has been made to change the remittitur.   The plaintiffs move to vacate the judgment entered in favor of the two defendants who appeared by the same counsel; they have taxed a full bill in their favor, without a provision in the judgment that it is the amount due all three.   There can, of course, be but one judgment entered; the real question is whether any defendant is separately entitled to costs.   One bill is to be taxed jointly by all these defendants.   (*Matter of Kinn,* 139 App. Div. 766; *Matter of City of New York* [*Pine's Stream*], 129 App. Div. 929.)   In the latter case Blackmar, J., discussed the subject fully at Special Term (62 Misc. 61).   (See, also, Milliman on Costs, p. 466, citing *Van Gelder* v. *Van Gelder,* 84 N. Y. 658; *Fischer* v. *Langbein,* 31 Hun, 272; *Matter of N. Y. West Shore & B. R. Co.,* 28 Hun, 505.)

The parties taxing the bill defend it by denying unity of interest with defendant copartner.   They were all charged with conduct which included joint acts while partners, and the corporation was thereafter evidently but an instrument in their hands; after the dissolution they still controlled the corporation, which they had organized and managed.   All acts were therefore such that they and the corporation were joint participants, so unity of interest seems evident.   That the individuals later fell out, and are unfriendly, is not the test; even enemies may be united in interest.   If the plaintiffs had lost at Special Term (as the Court of Appeals says they should have) they **might**

have been given separate costs, or not, in the trial court's discretion. The case having finally gone out of Special Term and out of the Supreme Court, who could later give them separate discretionary costs? Only the Court of Appeals, which failed to do so, using words that import a joint bill.

Motion granted. Settle order on notice.